ENFIELD FEDERAL SAVINGS AND LOAN ASSOCIATION v.
A. GILBERT BISSELL, JR.

Argued May 14—decision released July 7, 1981

*Denis R. Caron,* for the appellant (defendant).

*Arnold Sbarge,* with whom were *Charles Stroh* and, on the brief, *A. Paul Spinella,* for the appellee (plaintiff).

PETERS, J. This case is a backwash of this court's decision in *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 576–77, 409 A.2d 1020 (1979), which held unconstitutional the statutory procedures governing the assessment of deficiency judgments after mortgage foreclosures. In response to *Society for Savings,* the legislature amended General Statutes § 49-14 to provide for a hearing consistent with the requirements of procedural due process. For transition purposes, § 49-14 (d) provided further that "[a]ny appeal pending in the supreme court with regard to any deficiency judgment or proceedings relating thereto shall be stayed until a hearing is held pursuant to subsection (a) of this section . . . ." The present litigation arises out of just such an appeal, pending when *Society for Savings* was decided and when the amended § 49-14 became effective in 1979.

The plaintiff, Enfield Federal Savings and Loan Association, initiated mortgage foreclosure proceedings against the defendant, A. Gilbert Bissell, Jr., on July 25, 1977. A judgment of strict foreclosure was rendered, the amount of the debt was established, and a law day was set. When the defendant did not redeem, title to the property vested in the plaintiff, which thereupon moved for the appointment of appraisers to fix a value for the property. Upon an appraisal of the property as having a value of $775,000, the plaintiff sought and procured a deficiency judgment in the amount of $400,000. The defendant's appeal from that judgment was stayed in accordance with § 49-14 (d), a

hearing was held in accordance with § 49-14 (a), and a new deficiency judgment was rendered in the amount of $482,588.57. The defendant's appeal contests the constitutionality of § 49-14 (d) as well as the amount of the deficiency judgment assessed against him.

The defendant's primary claim is that the hearing held pursuant to § 49-14 (d) was unconstitutional because § 49-14 (d), as applied to him, violated the constitutional doctrine of separation of powers.[1] He does not contest the legitimacy of the procedures established by § 49-14 (a) or the propriety of the hearing actually held by the trial court pursuant thereto. Rather, he claims that § 49-14 (d) impermissibly denied him his constitutionally protected right to have his original appeal heard on the basis of the law as it existed at the time of the rendering of the original deficiency judgment. The legislature's amendment of the governing law while his appeal was pending is, according to this argument, fatally inconsistent with the judicial power to render final judgments.

The principles that govern retroactive application of legislative enactments are well-established. Except as to amending statutes that are procedural in their impact, there is a general presumption that legislation is intended to operate prospectively. General Statutes § 55-3; *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 331–32, 377 A.2d 1092 (1977); *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 322–23, 207 A.2d 58 (1965); *E. M. Loew's*

---

[1] Conn. Const., art. II, 1965, provides: "The powers of government shall be divided into three distinct departments, and each of them confided to a separate magistracy, to wit, those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

*Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees,* 127 Conn. 415, 418, 17 A.2d 525 (1941); *Goshen* v. *Stonington,* 4 Conn. 209, 220 (1822). This case illustrates the reverse side of that principle. The legislature clearly and unequivocally expressed its intent that § 49-14 (d) be applied retroactively to appeals then pending. The object that the legislature intended to accomplish was to cure a procedural flaw in the statute governing deficiency judgments. We have regularly recognized the right of the legislature retroactively to make legal and regular that which was previously illegal and irregular, provided that vested rights are not unjustly abrogated. *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board,* 165 Conn. 448, 454–55, 334 A.2d 909 (1973); *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 95–96, 249 A.2d 58 (1968); *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632 (1962); *Goshen* v. *Stonington,* supra, 226–27; 2A Sutherland, Statutory Construction (4th Ed. 1973) § 41.11.

The only issue, therefore, that we need resolve is whether the defendant had acquired an indefeasible vested right to have his case adjudicated in accordance with the unamended, unconstitutional § 49-14. Had his case gone to final judgment without appeal before the amendment of § 49-14, considerations of good sense and justice would have dictated the conclusion that his rights in that judgment could not thereafter be legislatively abrogated. *Hunter* v. *Hunter,* 177 Conn. 327, 331–32, 416 A.2d 1201 (1979); *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 222–25, 384 A.2d 378 (1978); *Carvette* v. *Marion Power Shovel Co.,* supra, 96; *Humphrey* v. *Gerard,* 83 Conn. 346, 353, 77 A. 65 (1910); *Welch* v. *Wadsworth,* 30 Conn. 149,

154 (1861); 1A Sutherland, Statutory Construction (4th Ed. 1972) § 22.36. The defendant urges that these considerations apply with equal force and effect despite his action in taking an appeal from the original deficiency judgment. We do not agree.

The effect of a pending appeal upon an otherwise final judgment has aptly been characterized as "[o]ne of the most troublesome problems in applying the rule of finality [of judgments]." James & Hazard, Civil Procedure (2d Ed. 1977) § 11.4, p. 534; see also 2 Freeman, Judgments (1925) § 727. In Connecticut, this court has held the judgment of a trial court to be final, despite a pending appeal, when the issue was the triggering of the statute of limitations; *Varley* v. *Varley,* 181 Conn. 58, 434 A.2d 312 (1980); the continuing validity of interlocutory alimony orders; *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815 (1953); or the applicability of the rules of res judicata. *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 144, 176 A.2d 571 (1961). In our view, the proper question is not whether the judgment was final for other purposes, but whether, in this case, it has so far concluded the rights of the parties that it was unjust to have the case adjudicated, upon a retrial, in accordance with the amended procedures that the legislature had enacted.[2] The only way in which this defendant is arguably prejudiced by the imple-

---

[2] This case is clearly distinguishable from *Schenck* v. *Pelkey,* 176 Conn. 245, 251, 405 A.2d 665 (1978), because that case involved a substantive rather than a procedural statutory revision, the abolition of the defense of contributory negligence. The conclusion in that case characterizing the plaintiff's tort action as no longer "pending" after judgment had been rendered in the trial court must be read in the context of the substantive revision which was before the court.

mentation of General Statutes § 49-14 is that he is deprived of the opportunity to have his case adjudicated by the standards of a statute now repealed because of its unconstitutionality. The fact that the defendant himself consistently put into issue the constitutionality of the assessment provisions of the former § 49-14 does not give him a vested right in the statute as it existed at the time of his original adjudication. Faced with similar constitutional challenges, the Supreme Court of the United States has consistently held that it was obligated to review the judgment of a trial court in the light of the law existing at the time of the appeal, not the law in effect at the time of the judgment. *Fusari* v. *Steinberg,* 419 U.S. 379, 387, 95 S. Ct. 533, 42 L. Ed. 2d 521 (1975); *Diffenderfer* v. *Central Baptist Church,* 404 U.S. 412, 414, 92 S. Ct. 574, 30 L. Ed. 2d 567 (1972). Nothing in the circumstances of this case requires this court to consider a judgment on appeal to be so definitively final that the procedures challenged by that appeal cannot be legislatively regularized while that appeal is pending. We conclude, therefore, that § 49-14 (d) effectively and constitutionally empowered the trial court to apply the procedures of § 49-14 (a) in this case. We therefore reject the defendant's first claim of error.

The defendant's second claim of error arises out of a discrepancy between the ad damnum clause in the plaintiff's complaint as originally filed, and the amount of the judgment rendered upon the retrial. Although the ad damnum clause sought "a deficiency judgment in the amount of $400,000 [and] such other relief as in equity may appertain," the judgment rendered for the plaintiff was in the amount of $482,588.57. The trial court relied, in

its award, on the enactment of Public Acts 1977, No. 77-497 which amended General Statutes § 52-91 to eliminate the requirement that a complaint contain a specific statement of the amount demanded. As the trial court concluded, this amendment to the statutes, and the consequent amendment of the Practice Book § 131, being entirely procedural in nature, apply to pending actions. The defendant was not prejudiced by the fact that additional damages representing post-foreclosure interest continued to accrue while his appeal was pending and upon retrial. As in *Camputaro* v. *Stuart Hardwood Corporation,* 180 Conn. 545, 556–57, 429 A.2d 796 (1980), we find no reason, in the circumstances of this case, to compel the perpetuation of a rule of procedure superseded by an enactment of the legislature and by the amendment of our rules of practice. The trial court therefore did not err in concluding that the ad damnum clause had become irrelevant to the determination of a proper award in the deficiency proceeding.

There is no error.

In this opinion the other judges concurred.