[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case involves a fire that occurred in May 1988 in the plaintiff's residence. The fire was allegedly caused by the improper installation of a wood stove. In addition to the installer, the plaintiff has sued defendant Kaschuluk, the building inspector for the town of Stafford, and also the town as his employer and indemnifier. With respect to these defendants, the complaint alleges that defendant Kaschuluk issue a permit to the prior owner of the building for the installation of the stove and that he was negligent in the following respects. CT Page 4755
 a) In that he permitted the wood stove to be installed even though it was not constructed in compliance with the State Building Code and Regulations;
 b) in that he was negligent in the inspection and the approval of the installation of the wood stove.
The defendants' motion to strike is based on their assertion that Kaschuluk was engaged in discretionary actions while in the performance of his public duty and is, therefore, not liable under the rule of Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988); and Shore v. Stonington,187 Conn. 147 (1982).
The question whether a public official is engaged in a public or private duty is one of law for the court to decide. Gordon v. Bridgeport, supra, 170-171. The test is whether the official acts as an agent or representative of the state in carrying out its public purposes or whether the activities are of a proprietary nature for the particular benefit of a political subdivision of the state. R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 217-219 (1986). Perhaps more apropos in this case, courts have also held that an official is engaged in a private duty if the performance of that duty will affect an individual differently from the way it would affect the public at large. Roman v. City of Stamford, 16 Conn. App. 213,220 (1988). In the instant case, the defendant building inspector was acting in accordance with Conn. Gen. Stats.29-263, which provides, in relevant part, as follows:
 ". . . no building or structure shall be constructed or altered until an application has been filed with the building official and a permit issued. . . . no permit shall be issued except upon application of the owner of the premises affected or as authorized agent. Prior to the issuance of a permit . . . the building official shall review the plans of buildings or structures to be constructed or altered to determine their compliance with the requirements of the State Building Code and, where applicable, the local Fire Marshal shall review such plans to determine their compliance with the State Fire Safety Code. Such plans submitted for review shall be in substantial compliance with the provision of the State Building Code and, where applicable, with the provisions of the Fire Safety Code." CT Page 4756
It is apparent that in inspecting and approving the installation of the stove and issuing the applicable permit, the defendant was engaged in performing a public duty as contrasted with a private duty. He was performing a duty required by state statutes, which was to ensure that construction and alteration of buildings subject to his jurisdiction would comply with the state building and fire safety codes. He was not performing any duty for the particular benefit of any one individual or group of individuals. Rather, he was functioning as the agent of the state in carrying out its public purposes as expressed in state statutes.
Having concluded as a matter of law that the facts of this case as revealed by the complaint establish that the defendant was performing a public duty, the next question for consideration is whether that performance involved discretionary or ministerial acts. If the performance of the defendant's duty required only ministerial action, which is action done in a prescribed manner without the exercise of judgment or discretion, then he may be held liable for negligence even if the duty be classified as a public one. Shore v. Stonington, supra, 153. Unlike the distinction between public and private duty, however, the question whether the official's actions were discretionary or ministerial is factual. It does not, therefore, lend itself to resolution by a motion to strike. Tanyo v. New Haven, 173 Conn. 203, 205
(1977).[1] The application of this rule is particularly appropriate in the present case. The applicable statute, Conn. Gen. Stats. 29-263, simply does not describe the actual work which is involved in the issuance of permits in sufficient detail for the court to conclude whether it is discretionary or ministerial in nature. Such a judgment would require additional evidence not available or suitable in a motion to strike.
Based solely on the case law of our state as set forth above, the defendants' motion to strike cannot be sustained because it raises the factual issue concerning the discretionary or ministerial nature of the official's actions. However, the defendants also contend that Conn. Gen. Stats.52-557n(b)(7) and (8) deprive the plaintiffs of a cause of action for the negligent inspection and issuance of a permit.
Those sections, in skeletal form, read as follows:
 (A) political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting CT Page 4757 from . . . (7) the issuance . . . of . . . any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . .
The above statute was enacted in Public Act 86-338, taking effect on October 1, 1986, as part of the so-called Tort Reform I. In the absence of any express provisions to the contrary, legislation which affects substantive rights and liabilities is presumed to operate prospectively only. Enfield Federal Savings Loan Assoc. v. Bissell 184 Conn. 569, 571
(1981). That rule applies to the statute in question so that it does not cover acts committed prior to its effective date. In this case, the plaintiffs claim that the defendants' negligent acts were committed in May 1981. The provisions of the 1986 statute, therefore, are inapplicable.
For the reasons set forth above, the motion to strike the claims against the building inspector and the town is denied.
MALONEY, JUDGE