**In the Matter Of WESTPORT TRANSIT DISTRICT, Debtor.**

**WESTPORT TAXI SERVICE, INC., Movant,**

**v.**

**WESTPORT TRANSIT DISTRICT, Respondent.**

**Bankruptcy No. 2–92–00404. Motion No. 2–92–0783M.**

United States Bankruptcy Court, D. Connecticut.

June 30, 1992.

David S. Golub, Tanina Rostain, and Jonathan M. Levine, Silver, Golub and Teitell, Stamford, Conn., for movant.

William J. Kupinse, Jr., Goldstein and Peck, PC., Bridgeport, Conn., for debtor-respondent.

## MEMORANDUM AND ORDER ON MOTION FOR RELIEF FROM STAY

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### Issue

The issue in this contested matter is whether the automatic stay imposed by Bankruptcy Code § 362(a)(1) barring the continuation of a proceeding against the debtor should be modified, on a creditor's motion for cause pursuant to § 362(d)(1), to allow the processing of a debtor's appeal from a prepetition state-court judgment in favor of the creditor. The parties have submitted the matter solely upon briefs and oral argument, with no evidentiary record established.

### II.

#### Background

Westport Transit District, the debtor, claiming to be a municipality formed under Connecticut statute, filed a chapter 9 petition on January 7, 1992. That date coincided with the last date set by the Connecticut Appellate Court, following five extension requests by the debtor for it to file an appellant's brief in an appeal timely taken from an adverse judgment rendered by the Connecticut Superior Court on June 28, 1991. That judgment had determined that the debtor was liable to Westport Tax Service, Inc., the creditor, in the sum of $1,048,260.96 for violation of state antitrust laws.

This court, upon the filing of the debtor's petition, published a notice of the commencement of the case which, inter alia, set a bar date of April 3, 1992 for the filing of objections to the petition. See Code §§ 921(c) & 923. The creditor timely filed such an objection together with a motion to dismiss the petition asserting grounds of a bad-faith filing of the petition and the debtor's ineligibility to be a chapter 9 petitioner. The debtor and the creditor, pursuant to the court's scheduling order, are presently engaged in discovery with a final pre-trial conference on the objection and motion to dismiss scheduled for July 20, 1992.

The creditor's present motion requests relief from stay to allow completion of the debtor's pending appeal in the Connecticut Appellate Court. The motion, filed on May 11, 1992, first reasserts the allegation of a bad-faith petition filing as cause for granting the motion. The motion then asserts as cause that the finding of the debtor's insolvency required by Code § 109(c)(3) "is necessarily dependant upon a final determination" of the debtor's liability to the creditor, and that confirmation of the debtor's plan will depend on the "propriety of the judgment" for which there should be a "final determination of the appeal" in state court. At the noticed hearing on the creditor's motion, the debtor filed a memorandum in opposition.

### III.

#### Discussion

Neither party questions that the automatic stay imposed by Code § 362(a) became operative upon the filing of the debtor's chapter 9 petition and applies to the continuance of the creditor's state-court action, notwithstanding that it is the debtor's appeal that remains unresolved. It is well settled that the determination of whether the automatic stay applies to a pending action is based upon how the prepetition action was commenced. See Commerzanstalt v. Telewide Systems, Inc., 790 F.2d 206, 207 (2d Cir.1986) ("whether the action is 'against the debtor' is determined by examining the debtor's status at the time proceedings were initiated, and not by looking to which party has appealed").

The first ground for relief from stay asserted in the creditor's motion—the

debtor's bad-faith filing—is not properly before the court. No testimony or other evidence has been proffered, and the creditor's positing of facts in its memorandum of law does not constitute a record on which findings can be based.

■ The principal argument presented why the debtor's state-court appeal should be permitted to proceed is based upon the creditor's understanding that a final determination of the debtor's liability has yet to be made. The creditor contends the state appellate court should be permitted to make a final determination and decide the debtor's appeal, in light of the impact the determination may have on issues such as the debtor's insolvency and plan confirmation. Although it objects to the granting of the creditor's motion, the debtor concurs with the creditor's assessment on finality. "Debtor needs the protection of the Bankruptcy Court to provide an opportunity to negotiate with this particular creditor. If the state court judgment becomes final, Debtor will suffer drastic financial consequences and, as Westport Taxi is aware, will likely go out of business unless the Creditor chooses never to enforce its final judgment, an unlikely scenario." *Debtor's Memo* at 6.

■ This view of finality of judgments held by both parties is erroneous. For purposes of establishing the debt owed the creditor by the debtor, the Connecticut trial-court judgment for $1,048,260.96 in favor of the creditor *is* final, notwithstanding the pending appeal. *See Enfield Fed. Sav. & Loan Ass'n v. Bissell*, 184 Conn. 569, 573, 440 A.2d 220 (1981) ("In Connecticut ... the judgment of a trial court [is] final, despite a pending appeal, when the issue [is] ... the applicability of the rules of res judicata."); *Salem Park, Inc. v. Salem*, 149 Conn. 141, 144, 176 A.2d 571 (1961) ("The fact that the judgment was appealed from makes no difference, because a party cannot litigate in a second action matters already concluded in a prior one."). The debtor in this court will be estopped from attacking the basis or the amount of its liability to the creditor in all matters where such is an issue. The bankruptcy court will neither sit as if an appellate court nor allow the creditor's claim to be retried. *Cf. Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 769 n. 11 (Bankr.E.D.Cal.1990) ("Judgments from federal courts and courts of most states are res judicata as to liability and damages until reversed on appeal. Bankruptcy does not alter that res judicata effect and does not permit relitigation of those issues."). I perceive no reason to force the unwilling debtor to proceed with its appeal.

The creditor's final argument is that it desires an appellate ruling so that it may seek to assert its judgment against the Town of Westport. That consideration, which has nothing to do with the debtor's estate, is irrelevant and does not constitute cause.

The creditor has not carried its burden of proof under § 362(d)(1) to establish cause for relief from stay. *See In re Sonnax Industries*, 907 F.2d 1280, 1285 (2d Cir. 1990) ("If the movant fails to make an initial showing of cause ... the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.").

## IV.

### *Conclusion*

The motion of the Westport Taxi Service, Inc. to modify the automatic stay to permit the continuation of the debtor's appeal pending in the Connecticut Appellate Court in the matter of *Westport Taxi Service, Inc. v. Westport Transit District*, A.C. No. 10453, must be, and hereby is, denied. It is

SO ORDERED.