[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I
In this summary process action, the defendant has asserted in its fifth special defense and second count of its counterclaim the same claim it asserted in a prior civil action it brought against the plaintiff and the plaintiff's predecessor in title, Sea Shell Associates. In that action, the court (Silbert, J.) granted the defendants' motion to strike the complaint. SeePeter-Michael, Inc. v. Sea Shell Associates, Superior Court, judicial district of New Haven, No. 392382 (January 14, 1997). The court then rendered judgment for the defendants, from which Peter-Michael, Inc. appealed.
In this action, the plaintiff has interposed a special defense that the second count of the defendant's counterclaim and fifth special defense to the complaint are barred by the doctrine of res judicata. For that reason, the plaintiff now moves for summary judgment an the defendant's counterclaim and defendant's fifth special defense. Summary judgment is a proper procedural vehicle by which to resolve the issue of res judicata after that doctrine has been pleaded. Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985).
"Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. State v. Ellis, 197 Conn. 436, 466, 497 A.2d 974
(1985). The concepts of issue preclusion and claim preclusion are simply related ideas on a continuum, differentiated, perhaps by their breadth, and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . Id., 464-65.
"The subtle difference between claim preclusion and issue preclusion has been so described: [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. . . . [I]ssue preclusion, prevents a party from CT Page 4060 relitigating an issue that has been determined in a prior suit.Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988), quotingGionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 401-402,546 A.2d 284 (1988), affirmed, 211 Conn. 67, 557 A.2d 540 (1989). Under claim preclusion analysis, a claim — that is, a cause of action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . Duhaime v. American Reserve Life Ins. Co.,200 Conn. 360, 364-65, 511 A.2d 333 (1986), quoting 1 Restatement (Second), Judgments § 24(1) (1982). Moreover, claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. Corey v. Avco-LycomingDivision, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied,409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973).
"In contrast, issue preclusion is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . Carothers v. Capozziello, 215 Conn. 82, 94-95,574 A.2d 1268 (1990), quoting In re Juvenile Appeal (83-DE),190 Conn. 310, 316, 460 A.2d 1277 (1983). . . .
"Issue preclusion applies if an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. . . . 1 Restatement (Second), Judgments § 27 (1982). An issue is actually litigated if it is properly raised in the pleadings, submitted for determination, and in fact determined. Id., § 27, comment d. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. Id., § 27, comment h." (Internal quotation marks and footnote omitted.) Scalzo v. Danbury, 224 Conn.. 124, 127-128,617 A.2d 440 (1992).
Res judicata may be asserted against a counterclaim. Dunhamv. Dunham, 221 Conn. 384, 385, 604 A.2d 347 (1992); cf.Connecticut National Bank v. Rytman, 241 Conn. 24, 694 A.2d 1246
(1997). Since here the second count of the counterclaim alleges the very same cause of action asserted by the defendant in the prior action, the plaintiff's defense of res judicata is well taken. That the prior "judgment was appealed . . . makes no difference, because a party cannot litigate in a second action CT Page 4061 matters already concluded in a prior one. If the judgment appealed from is sustained, there is an end to the matter. If error is found and a new trial ordered, the party has his opportunity to retry the issues in the first action." Salem Park,Inc. v. Salem, 149 Conn. 141, 144, 176 A.2d 571 (1961); seeCapalbo v. Planning Zoning Board of Appeals, 208 Conn. 480,488, 547 A.2d 528 (1988) ("a trial court judgment has been held to be final, despite a pending appeal, insofar as the issue was . . . the applicability of the rules of res judicata.");Preisner v. Aetna Casualty Surety Co., 203 Conn. 407, 414,525 A.2d 83 (1987) (same); Enfield Federal Savings Loan Assn. v.Bissell, 184 Conn. 569, 573, 440 A.2d 220 (1981) (same); see alsoNikitiuk v. Pishtey, 153 Conn. 545, 551-552, 219 A.2d 225 (1966). This is consistent with 1 Restatement (Second), Judgments §§ 13, 16 and pertinent Official Comments thereto.
 II
The plaintiff also seeks summary judgment with respect to the defendant's fifth special defense which reads: "The defendant was deprived of its right of first refusal to purchase the premises contained in the lease which was then in effect, and the defendant cannot be evicted unless and until its claim that it has been denied its right of first refusal to purchase has been finally adjudicated for all purposes."
Over a century ago, the supreme court held that a party may be precluded from asserting by way of special defense a claim which he unsuccessfully asserted in its own action against the adverse party. See Perkins v. Brazos, 66 Conn. 242, 33, A. 908 (1895). However, the motion before the court is a motion for summary judgment. See Practice Book § 378 et seq. Practice Book § 379 provides in relevant part that "any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action." Thus, "[t]he superior courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book § 379 makes no provision for it. See Rogers v. Daley Development Co.,3 Conn. L. Rptr. 76 (December 19, 1990, Pickett, J.); Hillery Co. v. CrystalMall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.); CT Page 4062Crothers v. Cappoziello, 3 Conn. L. Rptr. 341 (March 14, 1991, Hennessey, J.); Espowood v. Springfield Terminal Railway Company,7 Conn. L. Rptr. 147 (Maiocco, J.); Distefano v. Aetna Life Casualty, No. 103276 (January 12, 1993, W. Sullivan, J.);Silvermine Land Investment Corporation, 8 Conn. L. Rptr. 61. But see People's Bank v. BMI Industries, 3 CSCR 450 (April 26, 1988,Hennessey, J.) (motion for summary judgment as to special defense allowed, when pleadings were closed, to challenge legal insufficiency of special defense.)." Benjamin v. Nunes, Superior Court, judicial district of Waterbury, No. 102738 (May 21, 1993); accord ICC Performance v. Pollack, Superior Court, judicial district of Fairfield, No. 313596 (Sept. 20, 1996) (Levin,J.).[1] Of course, this does not necessarily prelude the granting of a plaintiff's motion for summary judgment as to a complaint in a proper case, notwithstanding the existence of a special defense as to which there is no genuine issue as to any material fact, where the plaintiff is entitled to judgment as a matter of law.
The plaintiff's motion for summary is granted as to the second count or the defendant's counterclaim and denied as to the defendant's fifth special defense.
BY THE COURT
Bruce L. Levin Judge of the Superior Court