ANGELSEA PRODUCTIONS, INC. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
(SC 16008)

Callahan, C. J., and Norcott, Katz, Palmer and Peters, Js.

---

Argued January 22—officially released April 13, 1999

*Albert Zakarian*, with whom was *Sarah C. Baskin*, for the appellant (plaintiff).

*Charles Krich*, with whom, on the brief, was *Philip A. Murphy, Jr.*, for the appellee (named defendant).

*Opinion*

CALLAHAN, C. J. The principal issue in this appeal is whether Public Acts 1996, No. 96-241 (P.A. 96-241),[1]

---

[1] Public Acts 1996, No. 96-241, provides in relevant part: "Section. 1. (NEW) (a) Notwithstanding any provision of the general statutes to the contrary, the Commission on Human Rights and Opportunities shall have jurisdiction over any complaint filed pursuant to section 46a-82 of the general statutes

provides the named defendant, the commission on human rights and opportunities (commission), with

on or before January 1, 1996, which has not been finally adjudicated or resolved by action of the commission, that the commission would have had jurisdiction over but for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes.

"(b) If the commission fails to issue a determination of reasonable cause or no reasonable cause on any such complaint not later than January 1, 1997, the executive director of the commission shall issue forthwith a release of the complaint from the commission, allowing the complainant to bring a civil action. Upon receipt of a release pursuant to this section, the complainant may bring a civil action in accordance with the provisions of sections 46a-100, 46a-101, 46a-103 and 46a-104 of the general statutes, notwithstanding the statute of limitations pursuant to section 46a-102 of the general statutes.

"Sec. 2. (NEW) (a) Notwithstanding any provision of the general statutes to the contrary, the Commission on Human Rights and Opportunities shall have jurisdiction over any complaint filed pursuant to section 46a-82 of the general statutes after January 1, 1996, that the commission would have had but for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of section 46a-83 of the general statutes, provided the commission takes action to comply with such time requirements with respect to such complaints not later than June 30, 1996.

"(b) The time frame contained in subsection (b) of section 46a-83 of the general statutes to conduct a review of the file shall be tolled if an answer is not timely received from the date the respondent's answer is due pursuant to subsection (a) of section 46a-83 of the general statutes until the date the answer is actually received by the commission.

"Sec. 3. (NEW) (a) Any action filed pursuant to section 46a-94a, 46a-95 or 4-183 of the general statutes concerning a complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, in which a final judgment has not been entered prior to [June 6, 1996], otherwise valid except for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes, is validated.

"(b) If any action filed pursuant to section 46a-94a, 46a-95 or 4-183 of the general statutes concerning a complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, has failed to be tried on its merits because the action has been dismissed by the Superior Court for want of jurisdiction due to the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes, a party to the action may, on or before October 1, 1996, petition the court to reopen such action. The court shall set aside the judgment and reinstate the case on the docket. . . ."

"Sec. 7. This act shall take effect from its passage."

Public Act 96-241 is codified in relevant part at General Statutes §§ 46a-82b, 46a-82c and 46a-82d.

jurisdiction to proceed with a public hearing on a complaint brought to the commission by the defendant, Susan Hyde, against the plaintiff, Angelsea Productions, Inc. We conclude that P.A. 96-241 does provide the commission with jurisdiction to proceed with a hearing on Hyde's complaint.

The following facts and procedural history are relevant to this appeal. Hyde was employed by the plaintiff from September, 1990, until her resignation on January 29, 1991. In April, 1991, Hyde filed a complaint with the commission pursuant to General Statutes § 46a-82[2] alleging various discriminatory acts by the plaintiff.

On March 3, 1993, the plaintiff moved to dismiss Hyde's complaint on the ground that the commission had not concluded its investigation within nine months of the filing of the complaint as required by General Statutes (Rev. to 1993) § 46a-83 (b).[3] On March 17, 1993,

[2] General Statutes § 46a-82 (a) provides in relevant part: "Any person claiming to be aggrieved by an alleged discriminatory practice . . . may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof . . . ."

[3] All references in this opinion to General Statutes §§ 46a-83 and 46a-84 are to those statutes as revised to 1993. Although the 1991 revisions of §§ 46a-83 and 46a-84 were in effect when Hyde's injury is alleged to have occurred; see *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 792 n.1, 669 A.2d 1214 (1996) (" '[w]e look to the statute in effect at the date of injury to determine the rights and obligations between the parties' "); because the parties refer to the 1993 revisions and because the provisions are substantively identical, we use the 1993 revisions of §§ 46a-83 and 46a-84 in our discussion.

General Statutes (Rev. to 1993) § 46a-83 (b) provides in relevant part: "Before issuing a finding of reasonable cause or no reasonable cause, the investigator shall afford each party and his representative an opportunity to provide written or oral comments on all evidence in the commission's file, except as otherwise provided by federal law or any other provision of the general statutes. The investigator shall consider such comments in making his determination. *The investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than nine months from the date of filing of the complaint* . . . ." (Emphasis added.)

without ruling on the plaintiff's motion to dismiss Hyde's complaint, the commission issued a reasonable cause finding in favor of Hyde. Thereafter, on June 15, 1993, the commission denied the plaintiff's motion to dismiss its investigation of Hyde's complaint.

On October 4, 1993, more than six months after its reasonable cause finding, the commission, pursuant to General Statutes (Rev. to 1993) § 46a-84 (b),[4] appointed a hearing officer to adjudicate Hyde's claim against the plaintiff. On November 29, 1993, citing the commission's failure to comply not only with the nine month deadline set forth in § 46a-83 (b), but also with the requirement set forth in § 46a-84 (b) that the commission hold a hearing within ninety days of issuing a reasonable cause finding, the plaintiff filed a motion seeking to have the hearing officer dismiss Hyde's complaint for lack of jurisdiction.

On November 29, 1993, pursuant to General Statutes § 4-176 (a),[5] the plaintiff also instituted a proceeding before the commission seeking to have the commission issue a declaratory ruling as to whether the time limitations set forth in §§ 46a-83 (b) and 46a-84 (b) were mandatory and required the dismissal of: (1) complaints not investigated within nine months of the date of filing;

---

[4] General Statutes (Rev. to 1993) § 46a-84 (b) provides: "Upon certification of the complaint, the executive director of the commission or his designee shall appoint a hearing officer to act as a presiding officer to hear the complaint and shall cause to be issued and served in the name of the commission a written notice, together with a copy of the complaint, as the same may have been amended, requiring the respondent to answer the charges of the complaint at a hearing before the presiding officer at a time and place to be specified in the notice, provided *such hearing shall be held not later than ninety days after a finding of reasonable cause.*" (Emphasis added.)

[5] General Statutes § 4-176 (a) provides: "Any person may petition an agency, or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the general statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency."

and (2) complaints not brought to a hearing within ninety days of the date of issuance of a finding of reasonable cause.

On January 4, 1994, the hearing officer denied the plaintiff's motion to dismiss Hyde's complaint for lack of jurisdiction. On March 22, 1994, the commission issued a declaratory ruling in accordance with General Statutes § 4-176 (e).[6] In that ruling, the commission concluded that: (1) the time limitations of §§ 46a-83 (b) and 46a-84 (b) were directory and not mandatory; (2) the commission's failure to comply with the deadlines set forth in §§ 46a-83 (b) and 46a-84 (b) had not divested the commission of jurisdiction over Hyde's complaint; and (3) the public hearing on her complaint should continue until a final decision had been issued by the hearing officer.

Thereafter, the plaintiff brought an administrative appeal from the commission's declaratory ruling to the Superior Court pursuant to General Statutes §§ 4-176 (h) and 4-183.[7] In its administrative appeal, the plaintiff sought: (1) a declaratory ruling that failure to comply

---

[6] General Statutes § 4-176 (e) provides in relevant part: "Within sixty days after receipt of a petition for a declaratory ruling, an agency in writing shall: (1) Issue a ruling declaring the validity of a regulation or the applicability of the provision of the general statutes, the regulation, or the final decision in question to the specified circumstances . . . ."

[7] General Statutes § 4-176 (h) provides: "A declaratory ruling shall be effective when personally delivered or mailed or on such later date specified by the agency in the ruling, shall have the same status and binding effect as an order issued in a contested case and shall be a final decision for purposes of appeal in accordance with the provisions of section 4-183. A declaratory ruling shall contain the names of all parties to the proceeding, the particular facts on which it is based and the reasons for its conclusion."

General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.

"(b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency

with the deadlines set forth in §§ 46a-83 (b) and 46a-84 (b) deprived the commission of jurisdiction to proceed with the public hearing process; and (2) an injunction prohibiting the commission from proceeding with the public hearing on Hyde's complaint.

At the request of the parties and to expedite resolution of the plaintiff's appeal, the trial court reserved the following four questions for consideration by the Appellate Court pursuant to General Statutes § 52-235 and Practice Book § 4147, now § 73-1: (1) "Is the time limit for investigating a complaint set forth in [§ 46a-83 (b)] mandatory?"; (2) "If the [commission] fails to make a reasonable cause determination within nine months from the date of filing a complaint, as set forth in [§ 46a-83 (b)], must the [commission] dismiss the complaint for lack of jurisdiction?"; (3) "Is the time limit for holding a public hearing set forth in [§ 46a-84 (b)] mandatory?"; and (4) "If the [commission] fails to hold a public hearing within [ninety] days after a finding of reasonable cause, as set forth in [§ 46a-84 (b)], must the [commission] dismiss the complaint for lack of jurisdiction?" We transferred the reservation from the Appellate Court to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 4023, now § 65-1.

action or ruling and (2) postponement of the appeal would result in an inadequate remedy. . . .

"(j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment. . . ."

In *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 236 Conn. 681, 674 A.2d 1300 (1996) (*Angelsea I*), we answered all four of the reserved questions in the affirmative. Specifically, we concluded that the time deadlines set forth in §§ 46a-83 (b) and 46a-84 (b) were mandatory, not discretionary, and that upon failure to comply with those time limits, the commission was required to dismiss the underlying complaint for lack of jurisdiction. Id., 700. Our decision in *Angelsea I* was released on April 23, 1996, and on May 3, 1996, the defendants filed a timely motion for reargument.

While the defendants' motion for reargument in *Angelsea I* was pending before this court, the legislature enacted P.A. 96-241. Public Act 96-241, § 1 (a), which is codified at General Statutes § 46a-82b (a), provides, with respect to complaints pending before the commission, that "[n]otwithstanding any provision of the general statutes to the contrary, the Commission on Human Rights and Opportunities shall have jurisdiction over any complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, which has not been finally adjudicated or resolved by action of the commission, that the commission would have had jurisdiction over but for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes."

Regarding complaints in which an appeal had been taken from a decision rendered by the commission, P.A. 96-241, § 3 (a), which is codified at General Statutes § 46a-82d (a), similarly provides in relevant part: "Any action filed pursuant to section . . . 4-183 of the general statutes concerning a complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, in which a final judgment has not been entered prior [to June 6, 1996], otherwise valid except

for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes is validated."

With respect to complaints that had been dismissed for lack of jurisdiction for failure to comply with the time deadlines, P.A. 96-241, § 3 (b), which is codified at § 46a-82d (b), provides: "If any action filed pursuant to section 46a-94a, 46a-95 or 4-183 of the general statutes concerning a complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, has failed to be tried on its merits because the action has been dismissed by the Superior Court for want of jurisdiction due to the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes, a party to the action may, on or before October 1, 1996, petition the court to reopen such action. The court shall set aside the judgment and reinstate the case on the docket."

Public Act 96-241 took effect on June 6, 1996. On that same date, we denied the defendants' motion for reargument in *Angelsea I*. On June 21, 1996, contending that our decision in *Angelsea I* required the trial court to sustain the plaintiff's administrative appeal from the commission's declaratory ruling, the plaintiff filed a motion requesting that the trial court render judgment in its favor and against the defendants. On July 8, 1996, before the trial court had ruled on the plaintiff's motion for judgment in its administrative appeal, the defendants filed a motion to dismiss the appeal, arguing that P.A. 96-241 had rendered the appeal moot.

On February 11, 1998, concluding that P.A. 96-241 gave the commission jurisdiction to proceed with a hearing on Hyde's complaint, the trial court: (1) denied the plaintiff's motion for judgment; and (2) granted the

defendants' motion to dismiss the plaintiff's administrative appeal from the commission's declaratory ruling. The plaintiff appealed from the trial court's judgment of dismissal to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

On appeal, the plaintiff argues that the trial court's granting of judgment in favor of the defendants was improper because P.A. 96-241 did not give the commission jurisdiction to proceed with a public hearing on Hyde's complaint, and, consequently, the commission's failure to comply with the deadlines set forth in §§ 46a-83 (b) and 46a-84 (b) continued to deprive it of such jurisdiction. The plaintiff alternatively claims if P.A. 96-241 did provide the commission with jurisdiction to proceed with a public hearing on Hyde's complaint, P.A. 96-241 is unconstitutional because it abrogates the plaintiff's vested rights in the time limitations set forth in §§ 46a-83 (b) and 46a-84 (b), and it violates the doctrine of separation of powers. We disagree with all three of the plaintiff's claims.

I

The plaintiff first contends that the trial court improperly dismissed its administrative appeal from the commission's declaratory ruling. In the plaintiff's view, the fact that the trial court's reserved questions were answered adversely to the defendants by this court in *Angelsea I* on April 23, 1996, compels the conclusion that P.A. 96-241 does not bestow jurisdiction on the commission to proceed with a public hearing on Hyde's complaint because, after that date, her complaint was no longer pending. Although we agree that in the case of a question reserved to the Supreme Court, the trial court making the reservation must conform to our advice; General Statutes § 52-235 (b);[8] we nevertheless

---

[8] General Statutes § 52-235 provides: "(a) The Superior Court, or any judge of the court, with the consent of all parties of record, may reserve questions

conclude that Hyde's complaint still was pending after April 23, 1996.

As previously noted, P.A. 96-241, § 1 (a), which is codified at § 46a-82b (a), provides: "Notwithstanding any provision of the general statutes to the contrary, the Commission on Human Rights and Opportunities shall have jurisdiction over any complaint filed pursuant to section 46a-82 of the general statutes on or before January 1, 1996, which has not been *finally adjudicated or resolved by action of the commission,* that the commission would have had jurisdiction over but for the failure of the Commission on Human Rights and Opportunities to comply with the time requirements of chapter 814c of the general statutes." (Emphasis added.) Thus, the effect of P.A. 96-241, § 1 (a), was to provide the commission with jurisdiction over complaints filed prior to January 1, 1996, and still pending before the commission on June 6, 1996, the date on which P.A. 96-241 became effective.

For the reasons that follow, we conclude that Hyde's complaint had not been resolved by the commission and was still pending on June 6, 1996. First, P.A. 96-241, § 5, as it amended § 46a-84 (b), requires that a hearing on a complaint filed with the commission be conducted "in accordance with the provisions of § 4-180." Section 4-180 (c) provides in relevant part: "A final decision in a contested case shall be in writing or orally stated on the record and, if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to its decision. . . . *The final decision shall be effective when personally delivered*

of law for the advice of the Supreme Court or Appellate Court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the Supreme Court or the Appellate Court."

*or mailed or on a later date specified by the agency.*"
(Emphasis added.) It is undisputed that the hearing
officer appointed to adjudicate Hyde's complaint did
not render a decision dismissing her complaint on or
before June 6, 1996, the effective date of P.A. 96-241.

This court contemplated, moreover, more than a
mere dismissal following our decision in *Angelsea I*
that the commission lacked jurisdiction to proceed with
a hearing. We concluded that our determination that
the commission's failure to comply with the deadlines
set forth in §§ 46a-83 (b) and 46a-84 (b) had divested
it of jurisdiction to proceed with a public hearing did not
deprive Hyde of her constitutional due process rights
because Hyde could bring a civil employment discrimi-
nation action against the plaintiff pursuant to General
Statutes § 46a-101 et seq.[9] *Angelsea I*, supra, 236 Conn.
699. General Statutes § 46a-101[10] provides in relevant
part: *"No [civil] action may be brought . . .* unless

---

[9] In determining in *Angelsea I* that Hyde still could bring a civil employment
discrimination action against the plaintiff, we impliedly concluded that the
circumstances of the case had operated to toll the statute of limitations set
forth in General Statutes § 46a-102.

[10] General Statutes § 46a-101 provides in relevant part: "(a) No action may
be brought in accordance with section 46a-100 unless the complainant has
received a release from the commission in accordance with the provisions
of this section.

"(b) . . . The complainant, or his attorney, may request a release from
the commission if his complaint with the commission is still pending after
the expiration of two hundred ten days from the date of its filing.

"(c) The executive director of the commission shall grant a release,
allowing the complainant to bring a civil action, within ten business days
after receipt of the request for the release, except that if a case is scheduled
for public hearing, the executive director may decline to issue a release.
The commission may defer acting on a request for a release for thirty days
if the executive director of the commission, or his designee, certifies that he
has reason to believe that the complaint may be resolved within that period.

"(d) Upon granting a release, the commission shall dismiss or otherwise
administratively dispose of the discriminatory practice complaint pending
with the commission without cost or penalty assessed to any party.

"(e) Any action brought by the complainant in accordance with section
46a-100 shall be brought within ninety days of the receipt of the release
from the commission."

the complainant has received a release from the commission in accordance with the provisions of this section. . . . The complainant . . . may request a release from the commission if his complaint with the commission is still pending after the expiration of two hundred ten days from the date of its filing. . . . *Upon granting a release, the commission shall dismiss or otherwise administratively dispose of the discriminatory practice complaint pending with the commission . . . .*" (Emphasis added.) Thus, we recognized in *Angelsea I* that, prior to dismissing Hyde's complaint, the commission still had authority to accept and act upon Hyde's request for a release to bring a civil employment discrimination action against the plaintiff, which she could not do without first requesting, and the commission granting, a release.

Moreover, our decision in *Angelsea I* was released on April 23, 1996, and on May 3, 1996, the defendants filed a timely motion in this court for reargument. Practice Book § 71-6 provides: "Unless the chief justice or chief judge shall otherwise direct, any stay of proceedings which was in effect during the pendency of the appeal shall continue until the time for filing a motion for reargument has expired, and, if a motion is filed, until ten days after its disposition, and, if it is granted, until the appeal is finally determined. If no stay of proceedings was in effect during the pendency of the appeal and the decision of the court having appellate jurisdiction would change the position of any party from its position during the pendency of the appeal, *all proceedings to enforce or carry out the decision of the court having appellate jurisdiction shall be stayed until the time for filing a motion for reargument has expired, and, if a motion is filed, until its disposition,* and, if it is granted, until the appeal is finally determined." (Emphasis added.) Thus, the hearing officer appointed to adjudicate Hyde's complaint lacked authority to render a final decision dismissing her complaint while the

defendants' motion for reargument in *Angelsea I* was pending before this court, i.e., until we denied the motion on June 6, 1996.

*Further, as we have stated, Hyde can only bring a civil action against the plaintiff if she requests and obtains a release from the commission.* General Statutes § 46a-101. We conclude that even though prior to June 6, 1996, the effective date of P.A. 96-241, the commission could not have proceeded with a public hearing on Hyde's complaint, her complaint had not been finally resolved by action of the commission on that date. Consequently, because Hyde's complaint was pending before the commission on June 6, 1996, the effective date of P.A. 96-241, § 1 (a), the commission had jurisdiction to proceed with a public hearing on and after that date.

We note, moreover, that our conclusion that P.A. 96-241, § 1 (a), provides the commission with jurisdiction over Hyde's complaint accords with the spirit, as well as the letter, of P.A. 96-241. The act gives the commission jurisdiction to proceed with a public hearing under three circumstances. First, § 1 (a) of the act provides the commission with jurisdiction over complaints that were filed before January 1, 1996, and were still pending before the commission on June 6, 1996. See General Statutes § 46a-82b (a). Second, § 3 (a) of the act provides the commission with jurisdiction over complaints that were filed before January 1, 1996, and were pending in the Superior Court on administrative appeal on June 6, 1996. See General Statutes § 46a-82d (a). Finally, § 3 (b) provides that complainants whose cases were dismissed by the Superior Court on the ground that the commission did not proceed in a timely manner may seek reinstatement of their appeals prior to October 1, 1996. See General Statutes § 46a-82d (b). Thus, by its terms, P.A. 96-241 evinces an intent to provide the commission with jurisdiction to proceed in *all* cases in which the commission had failed to meet the time deadlines imposed by §§ 46a-83 (b) and 46a-84 (b).

The legislative history of House Bill No. 5518, which eventually was enacted as P.A. 96-241 and codified in relevant part at §§ 46a-82b (a) and 46a-82d (a) and (b), also indicates unequivocally that the legislature intended that the commission have jurisdiction to proceed with respect to all complaints that had been filed prior to January 1, 1996, and in which the commission had failed to meet statutory deadlines. During the discussion of House Bill No. 5518 on the floor of the House of Representatives, Representative Richard D. Tulisano, a sponsor of the bill, remarked: "As a result [of *Angelsea I*] we have proposed this amendment today which does a number of things. It keeps jurisdiction within the commission over *any complaint filed . . . before January 1, 1996* . . . . [I]t also says that anything that was in court which may be subject to being dismissed . . . will not be dismissed for failure to comply with the time limits required of the [commission]. And the third, in the event that there is some case dismissed before this bill is passed, it will have an automatic right of reopening and reentry on the docket." (Emphasis added.) 39 H.R. Proc., Pt. 15, 1996 Sess., p. 5187. Thus, the legislative history of P.A. 96-241 clearly manifests an intention that the commission be provided with authority to proceed on *all* complaints in which it had not complied with the deadlines set forth in §§ 46a-83 (b) and 46a-84 (b). An application of P.A. 96-241, § 1 (a), that failed to provide the commission with jurisdiction to proceed with a public hearing on Hyde's complaint—a complaint that had not been fully resolved and that, therefore, still was pending on June 6, 1996—would contravene the clearly expressed intention of the legislature.

## II

The plaintiff's next claim is that P.A. 96-241 is unconstitutional because it deprives the plaintiff of due process by abrogating its "vested rights" in the time

limitations set forth in §§ 46a-83 (b) and 46a-84 (b). In effect, the plaintiff maintains that, because the commission did not act within the statutory time limits, it has a constitutionally protected interest in having Hyde's employment discrimination claim adjudicated by a court, rather than by the commission. We disagree.

In *Angelsea I*, we concluded that although the commission's failure to comply with the deadlines set forth in §§ 46a-83 (b) and 46a-84 (b) had deprived Hyde of an opportunity to litigate her employment discrimination claim before the commission, she had not been deprived of constitutional due process rights. Specifically, we concluded that, although Hyde had a constitutionally protected interest in an adequate and meaningful opportunity to have her case adjudicated, the statutes governing employment discrimination claims did not provide her a constitutionally protected interest in having her claim resolved in a particular forum, namely, in a hearing before the commission. *Angelsea I*, supra, 236 Conn. 699–700. Just as the statutes governing adjudication of employment discrimination claims do not provide Hyde with a constitutionally protected interest in litigating her claim in a particular forum, those statutes also do not provide the plaintiff with a constitutionally protected interest in having Hyde's claim resolved by a court, rather than by the commission.[11]

The existence of Hyde's substantive right of action against the plaintiff does not depend on compliance with the deadlines set forth in §§ 46a-83 (a) and 46a-84 (b). Thus, we are not confronted with a situation in which, but for the enactment of P.A. 96-241, Hyde would have been barred irrevocably from obtaining the relief that she seeks from the plaintiff. See *Hartford* v. *Freedom of Information Commission*, 201 Conn. 421, 426,

---

[11] General Statutes § 46a-94a, however, provides the plaintiff with a right of administrative appeal to the Superior Court from a decision rendered on Hyde's complaint by the hearing officer.

518 A.2d 49 (1986) (defendant has constitutionally protected interest if, but for retroactive legislation, plaintiff would have been irrevocably barred from obtaining relief). Public Act 96-241 affects only the choice of forum for resolution of Hyde's employment discrimination claim. It does not affect the substantive rights giving rise to Hyde's claim or to the plaintiff's defense. Application of P.A. 96-241 to the present case, therefore, does not violate the plaintiff's constitutional due process rights to an adequate and meaningful opportunity to an adjudication of Hyde's complaint.

### III

The plaintiff's final claim is that P.A. 96-241 is unconstitutional because it violates the doctrine of separation of powers. This claim is based entirely upon the proposition that our decision in *Angelsea I* constituted a final judgment in the plaintiff's administrative appeal and, therefore, also constituted a final decision in the proceedings before the commission on Hyde's complaint.

At oral argument, the plaintiff conceded that application of P.A. 96-241 to pending cases would not offend the doctrine of separation of powers. Because we have determined that our decision in *Angelsea I* did not resolve all of the parties' rights regarding Hyde's complaint and that her complaint was still pending before the commission on the date that P.A. 96-241 took effect, we do not address this claim.[12]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[12] A statutory amendment may be applied to cases pending at the time of its enactment if the legislature so intends and the statute does not enact a substantive change in the parties' rights. *State* v. *Ross*, 230 Conn. 183, 282, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995); *Enfield Federal Savings & Loan Assn.* v. *Bissell*, 184 Conn. 569, 571, 440 A.2d 220 (1981).