[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5831 RE: MOTION TO DISMISS (DATED FEBRUARY 14, 2000)*
On May 22, 1997, the pro se plaintiffs, Alexander S. Langer and Barbara Langer, filed a complaint with the defendant, the Commission of Human Rights and Opportunities (CHRO) against the defendant, the town of Trumbull (town). The plaintiffs alleged that the town denied them equal public accommodation on the basis of their foreign ancestry and national origin. On December 8, 1998, the CHRO found that there was no reasonable cause for the plaintiffs' action and dismissed the complaint. Thereafter, on December 22, 1998, the plaintiffs filed a timely request for reconsideration with the CHRO. On October 27, 1999, the CHRO mailed its decision rejecting the plaintiffs' request for reconsideration.
The plaintiffs' commenced this action by service of process on the CHRO by the Hartford County sheriff on December 3, 1999 and on the town by the Fairfield County sheriff on November 29, 1999. The town moves to dismiss this action for lack of subject matter jurisdiction.
"[A] determination regarding a trial court's subject matter jurisdiction is a question of law. . . ." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown,245 Conn. 657, 676, 716 A.2d 50 (1998). Moreover, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time."Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief. . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) Simko v.CT Page 5832Ervin, 234 Conn. 498, 503-04, 661 A.2d 1018 (1995). General Statutes § 46a-101 provides: "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section."
A complainant may bring a civil action against a CHRO respondent only if a release is requested and obtained pursuant to § 46a-101. SeeAngelsea Productions, Inc. v. CHRO, 248 Conn. 392, 403-04, 727 A.2d 1268
(1999). Here, the plaintiffs have failed to request and obtain a release from the CHRO entitling them to bring an action against the town. See General Statutes 46a-101. Therefore, because the plaintiffs have failed to exhaust the available administrative remedies; see Simko v. Ervin,
supra, 234 Conn. 503; the court lacks subject matter jurisdiction. SeeDrumm v. Brown, supra, 245 Conn. 676. Accordingly, the town's motion is granted.
JOHN W. MORAN, JUDGE