[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#153)
In count nine of the Fifth Revised Complaint, the plaintiff seeks damages arising out of an alleged violation of the Connecticut Fair Employment Practices Act, General Statutes § 46a-60 et seq. The question before the court is whether the plaintiffs' failure to obtain a release to sue from the Connecticut Commission on Human Rights and Opportunities ("CHRO") deprives the court of subject matter jurisdiction to consider this claim. For the reasons set forth below, the motion to dismiss count nine must be granted.
The Superior Court decisions have taken three approaches to this issue. Some trial courts have ruled that exhaustion of remedies with the CHRO is not required where a plaintiff, as in the present case, seeks compensatory and punitive damages which are unavailable through the administrative process. See e.g. Delvecchio v. Griggs and BrowneCompany, Inc., Superior Court, Judicial District of New London at Norwich, Docket No. 118659 (April 17, 2000) (Hurley J.T.R.) (27 Conn. L. Rptr 89, 92). A second approach allows the plaintiff to pursue an independent action in the Superior Court so long as the plaintiff has made a "good faith" attempt to have the claim resolved by the CHRO. See e.g. Dinegar v. University of New Haven, Superior Court, judicial district of New Haven, Docket No. 378256 (October 16, 1997) (Silbert, J.). Finally, a third approach construes the language of General Statutes §§ 46a-100[1] and 46a-101 (a)[2] as mandating that a plaintiff file a complaint with the CHRO and obtaining a release to sue before initiating a private cause of action. See e.g. Brightly v. AbbottCT Page 6584Terrance Health Center, Inc., Superior Court, Judicial District of Waterbury, Docket No. CV 98-0148584S (February 27, 2001) (Rogers, J.) (29 Conn.L.Rptr 102).
In Angelsea Productions, Inc. v. Commission on Human Rights Opportunities, 248 Conn. 392 (1999), our Supreme Court considered the question of whether General Statutes § 46a-82b gave the CHRO jurisdiction to consider the petitioners' complaint under circumstances where the CHRO had not adjudicated the complaint in a timely fashion. Although this case has a complicated procedural history that is not relevant to the present issue, a key question was whether the petitioner's complaint was still pending in the CHRO after it had been dismissed. Id., 402. In concluding that the petitioner's complaint was still pending, the court observed that the petitioner could not bring a civil employment discrimination suit in Superior Court without first requesting and obtaining a release to sue pursuant to § 46a-101. Id., 404. In this regard, the Supreme Court stated:
"[The petitioner] can only bring a civil action against the [employer] if she requests and obtains a release from the commission."
Id., 405. (Emphasis added)
Based on this language from Angelsea, this court concludes that the release to sue requirements are mandatory. Since the plaintiff herein has not obtained such a release, the Superior Court lacks subject matter jurisdiction to consider the employment discrimination claims alleged in count nine. Accordingly the defendants' motion to dismiss must be granted.
 Conclusion
For the reasons set forth above, the motion to dismiss count nine of the Fifth Revised Complaint is granted.
So Ordered at New Haven, Connecticut this 10th day of May, 2001.