******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANNA MARIE GILLOTTI BLAKELY,
ADMINISTRATRIX (ESTATE OF
BENNY A. GILLOTTI) *v.*
DANBURY HOSPITAL
(SC 19461)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued December 9, 2015—officially released December 20, 2016*

*Michael G. Rigg*, for the appellant (defendant).

*Kevin P. Thornton*, for the appellee (plaintiff).

*Opinion*

McDONALD, J. The sole issue in this certified appeal is whether the lapse of a jurisdictional time limitation for commencing suit in a statutory cause of action gives a defendant immunity from suit, such that an interlocutory appeal would be permitted to challenge a decision concluding that the accidental failure of suit statute (savings statute), General Statutes § 52-592,[1] saved an otherwise untimely action. We conclude that no immunity from suit arises under such circumstances. Consequently, a decision concluding that the savings statute permits a statutory cause of action subject to a jurisdictional time limitation to proceed cannot be the subject of an interlocutory appeal authorized under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

The record reveals the following undisputed facts and procedural history. Pursuant to General Statutes § 52-555,[2] a wrongful death action was timely filed in the name of the estate of Benny A. Gillotti against the defendant, Danbury Hospital. The defendant moved to dismiss that action on the ground that an estate is not a legal entity with the capacity to sue. The trial court, *Doherty, J.*, granted the motion and rendered judgment dismissing the action. See *Gillotti* v. *Danbury Hospital*, Superior Court, judicial district of Danbury, Docket No. CV-13-6011628-S (July 15, 2013).

Months later, the plaintiff, Anna Marie Gillotti Blakely, commenced the present wrongful death action in her capacity as the administratrix of Gillotti's estate. The defendant moved for summary judgment, claiming that the plaintiff's action was time barred because (a) it had been filed after the two year time limitation for commencing a wrongful death action under § 52-555 had lapsed, and (b) the savings statute does not apply to an action that has been dismissed due to an attorney's ignorance of the law. The trial court, *Roraback, J.*, denied the motion for summary judgment. In a subsequent articulation, the court explained that it had concluded that the mistake of law at issue was a "matter of form" that could "properly be viewed as mistake, inadvertence or excusable neglect of a nature to permit resort to the protections of [the savings statute]." (Internal quotation marks omitted.)

The defendant appealed from the denial of its motion for summary judgment, challenging the trial court's conclusion that the savings statute applied under these circumstances. Recognizing that its appeal prior to the trial court's adjudication on the merits of the plaintiff's wrongful death claim was interlocutory, the defendant invoked the second prong of the test set forth in *Curcio* as authority for its appeal. After a hearing, the Appellate Court issued an order dismissing the appeal for lack of a final judgment. This court thereafter granted the defendant's petition for certification to appeal seeking

to challenge that determination. *Blakely* v. *Danbury Hospital*, 316 Conn. 905, 111 A.3d 471 (2015).

The defendant claims that its appeal falls within the exception to the final judgment rule under the second prong of the *Curcio* test because the appeal seeks to vindicate a legal right, or at least a colorable claim to a legal right, to freedom from suit. Specifically, the defendant contends that the lapse of a jurisdictional statute of limitations like the one in § 52-555 gives rise to such a right. In support of this proposition, the defendant relies on a statement to this effect in *St. Paul Travelers Cos.* v. *Kuehl*, 299 Conn. 800, 815, 12 A.3d 852 (2011). In response, the plaintiff characterizes the statement in *Kuehl* as dicta, and asserts that the jurisdictional nature of the time limitation in § 52-555 is irrelevant in any event because the time limitation in the savings statute, which is not jurisdictional, controls. In support of this proposition, the plaintiff cites *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 731–32, 557 A.2d 116 (1989), which concluded that the wrongful death statute should be read as if the savings statute is incorporated, such that the time limitation of the latter modifies the former.[3] We conclude that the characterization of the effect of a jurisdictional statute of limitations in *Kuehl* is not accurate for purposes of *Curcio*.

It is well settled that "[t]he subject matter jurisdiction of our appellate courts is limited by statute to appeals from final judgments . . . . [However], the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in [*Curcio*]." (Internal quotation marks omitted.) *Radzik* v. *Connecticut Children's Medical Center*, 317 Conn. 313, 318, 118 A.3d 526 (2015). The second prong of the *Curcio* test, on which the defendant relies in the present case, permits an appeal if the decision "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31. That prong "focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . One must make at least a colorable claim that some recognized statutory or constitutional right is at risk. . . . In other words, the [appellant] must do more than show that the trial court's decision threatens him with irreparable harm. The [appellant] must show that that decision threatens to abrogate a right that he or she *then* holds. . . . The right itself must exist independently of the order from which the appeal is taken." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 226–27, 901 A.2d 1164 (2006).

This court previously has determined that, "under the second prong of [*Curcio*], a colorable claim to a right to be free from an action is protected from the immediate and irrevocable loss that would be occasioned by having to defend an action through the availability of an immediate interlocutory appeal from the denial of a motion to dismiss." *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 771, 23 A.3d 1192 (2011). The rationale for immediate appellate review is that "the essence of the protection of immunity from suit is an entitlement not to stand trial or face the other burdens of litigation." (Internal quotation marks omitted.) Id. The second prong of *Curcio* has been deemed satisfied under this rationale for actions that are claimed to violate: sovereign immunity; *Shay* v. *Rossi*, 253 Conn. 134, 164–67, 749 A.2d 1147 (2000), overruled in part on other grounds by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003); immunity for statements made in judicial and quasi-judicial proceedings; *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 787, 865 A.2d 1163 (2005); religious institutions' first amendment immunity; *Dayner* v. *Archdiocese of Hartford*, supra, 771–72; statutory immunity; *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 112–13, 891 A.2d 106 (2006); the prohibition against double jeopardy; *State* v. *Longo*, 192 Conn. 85, 91, 469 A.2d 1220 (1984); and res judicata. *Lighthouse Landings*, *Inc.* v. *Connecticut Light & Power Co.*, 300 Conn. 325, 328 n.3, 15 A.3d 601 (2011).[4]

It is well established that no right to immunity from suit arises from the lapse of an ordinary statute of limitations. "The purpose of a statute of limitations is to prevent stale claims and unnecessary delays in the presentation of issues. . . . A plaintiff's timely filed action provides notice to the defendant and ensures that the defendant does not find itself in a situation where, because of the lapse of time, [the defendant] is unable to gather facts, evidence, and witnesses necessary to afford . . . a fair defense. . . . Statutes of limitations also allow persons, after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . ." (Internal quotation marks omitted.) *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 422–23, 119 A.3d 462 (2015). Because such interests may be adequately vindicated by a trial judgment in the defendant's favor or on appeal, an adverse ruling on a statute of limitations defense has been deemed not to satisfy the second prong of *Curcio*. See *State* v. *Coleman*, 202 Conn. 86, 91, 519 A.2d 1201 (1987) ("As an affirmative defense, the statute of limitations provides the defendant with a shield, not against prosecution itself, but against successful prosecution. . . . [T]he rights afforded the defendant, via the remedy of the statute of limitations, were not concluded by the denial of her motion. Those rights, if they exist in this case, are still

intact and may be enforced on trial or on appeal from a final judgment." [Citation omitted.]); see also *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354 n.9, 63 A.3d 940 (2013) ("the denial of a statute of limitations defense is not itself an appealable final judgment").

Our case law has long recognized, however, that time limitations in a statutorily created right of action with no common law antecedent, like a wrongful death action under § 52-555, are not ordinary statutes of limitations. See *Korb* v. *Bridgeport Gas Light Co.*, 91 Conn. 395, 397–402, 99 A. 1048 (1917); *DeMartino* v. *Siemon*, 90 Conn. 527, 528–29, 97 A. 765 (1916). In *Korb*, the court explained with regard to the predecessor to § 52-555: "The [wrongful death] statute . . . creates a liability unknown to the common law, and contains a proviso that no action shall be brought upon it but within one year from the neglect complained of. This proviso is something more than an ordinary statute of limitations. It embodies an essential element of the cause of action created—a condition attached to the right to sue at all. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right. . . . It follows that the statutory provision or provisions prescribing the limitation must be strictly observed if liability is to attach to the claimed offender. Failure to show such observance results in a failure to show the existence of a good cause of action." (Citations omitted; internal quotation marks omitted.) *Korb* v. *Bridgeport Gas Light Co.*, supra, 397; see also *Baxter* v. *Sturm, Ruger & Co.*, 230 Conn. 335, 340, 644 A.2d 1297 (1994) ("[a] limitation period is considered 'one of the congeries of elements necessary to establish the right,' and therefore characterized as substantive, only when it applies to a new right created by statute").

In light of the essential and integral nature of such time limitations to the existence of the cause of action, this court has characterized them as jurisdictional.[5] See *Karp* v. *Urban Redevelopment Commission*, 162 Conn. 525, 529, 294 A.2d 633 (1972) ("the general rule [is] that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action"); see also *Ecker* v. *West Hartford*, 205 Conn. 219, 233, 530 A.2d 1056 (1987) (deeming wrongful death action jurisdictional under this general rule).

This body of law provides the requisite background to address the court's statement in *Kuehl*, on which the defendant relies in the present case. In *Kuehl*, this court stated: "While a nonjurisdictional statute of limitations merely provides relief from liability, a jurisdictional statute of limitations provides *freedom from suit.*" (Emphasis added.) *St. Paul Travelers Cos.* v. *Kuehl*, supra, 299 Conn. 815. The court cited no authority for

this proposition, and the resolution of the appeal was not dependent on that distinction. Although the jurisdictional distinction in *Kuehl* may have accurately reflected that the party invoking the jurisdictional bar had certain legal rights under the facts of that case,[6] it inaccurately characterizes this effect as giving rise to immunity from suit for purposes of *Curcio*.

It is well settled that jurisdictional prerequisites to suit operate as a constraint on the court's ability to entertain the action, requiring dismissal of the action whenever that defect is manifested, even on appeal. *Sousa* v. *Sousa*, 322 Conn. 757, 770, 143 A.3d 578 (2016); *St. Paul Travelers Cos.* v. *Kuehl*, supra, 299 Conn. 815. We have never suggested, however, that jurisdictional prerequisites to suit are intended to confer immunity from suit. If that were the case, an interlocutory appeal would be permitted every time a party challenged the satisfaction of any of the numerous justiciability matters that we have deemed to be jurisdictional in nature (standing, mootness, ripeness, political question doctrine); *Office of the Governor* v. *Select Committee of Inquiry*, 271 Conn. 540, 569, 858 A.2d 709 (2004); or any condition precedent to suit in a statutorily created cause of action that similarly has been deemed jurisdictional. See, e.g., *Neighborhood Assn., Inc.* v. *Limberger*, 321 Conn. 29, 45, 136 A.3d 581 (2016) (procedural requirements before initiating action to foreclose lien); *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, 284 Conn. 1, 5, 931 A.2d 837 (2007) (timely service of notice to quit in summary process action); *Forbes* v. *Suffield*, 81 Conn. 274, 275, 70 A. 1023 (1908) (timely notice of highway defect). Indeed, § 52-555 is only one of numerous statutes to which jurisdictional time limits apply. See, e.g., *Paradigm Contract Management Co.* v. *St. Paul Fire & Marine Ins. Co.*, 293 Conn. 569, 570–71, 576–77, 979 A.2d 1041 (2009) (actions to recover on bonds for labor or materials); *Connecticut Steel Co.* v. *National Amusements, Inc.*, 166 Conn. 255, 262–63, 348 A.2d 658 (1974) (actions to foreclose mechanic's liens); *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 699–700, 719 A.2d 66 (unfair trade practices actions), cert. denied, 247 Conn. 946, 723 A.2d 320 (1998); see also *State* v. *Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 444, 54 A.3d 1005 (2012) (explaining general rule that time limitation "contained within a statute that creates a right of action that did not exist at common law" is deemed to be jurisdictional [internal quotation marks omitted]). The appellate courts would be inundated with interlocutory appeals, in contravention of our intention that the *Curcio* exceptions to the final judgment rule be "narrow." *State* v. *Garcia*, 233 Conn. 44, 65, 658 A.2d 947 (1995), overruled in part on other grounds sub silentio by *Sell* v. *United States*, 539 U.S. 166, 179, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003); *Burger & Burger, Inc.* v. *Murren*, 202 Conn. 660, 664,

522 A.2d 812 (1987); see also *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 85, 495 A.2d 1063 (1985).

Moreover, because jurisdictional defects may be raised at any time and must be addressed before the court can proceed on the merits of an action; *Broadnax* v. *New Haven*, 270 Conn. 133, 153, 851 A.2d 1113 (2004); *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 191 n.11, 676 A.2d 831 (1996); *Chotkowski* v. *State*, 213 Conn. 13, 17, 566 A.2d 419 (1989); a case implicating more than one such defect could give rise to multiple interlocutory appeals in a single action (i.e., initial appeal challenging standing and later appeal challenging compliance with time limits). Such a result would plainly contravene the purpose of the final judgment rule: "to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level." (Internal quotation marks omitted.) *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 468 n.7, 940 A.2d 742 (2008); accord *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 450, 645 A.2d 978 (1994). Accordingly, we are not persuaded that the jurisdictional effect of the time limitation itself brings the defendant's claim within the second prong of *Curcio*.

Nor are we persuaded that the substantive distinction that gave rise to the jurisdictional effect of the time limit—limitation on the cause of action rather than limitation on the remedy—creates immunity from suit. This court previously has recognized that the lapse of a statute of repose is similarly viewed as extinguishing the right of action. See *Baxter* v. *Sturm, Ruger & Co.*, supra, 230 Conn. 344–45. Yet, the court has declined to treat all such statutes as materially different from ordinary statutes of limitations. See *State* v. *Lombardo Bros. Mason Contractors, Inc.*, supra, 307 Conn. 443.

This is not to say that the distinction between the two types of time limitations has no material impact on the defendant's rights. A defendant's right to assert a defense based on a jurisdictional statutory time limit cannot be waived. *St. Paul Travelers Cos.* v. *Kuehl*, supra, 299 Conn. 815. In the absence of any other statutory condition, the right to that defense vests upon the lapse of the time limitation. See *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, 248 Conn. 392, 407–408, 727 A.2d 1268 (1999); *Hartford* v. *Freedom of Information Commission*, 201 Conn. 421, 426–27, 518 A.2d 49 (1986); *Hillier* v. *East Hartford*, 167 Conn. 100, 109, 355 A.2d 1 (1974). As such, due process rights arise that constrain the legislature's ability to retroactively deprive a defendant of that defense. See *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 415 n.44; *Angelsea Productions, Inc.* v. *Commission on Human Rights & Opportunities*, supra, 407–408; *Hartford* v. *Freedom of Information Commission*, supra, 426–27; *Hillier* v. *East*

*Hartford*, supra, 109; see also *Baxter* v. *Sturm, Ruger & Co.*, supra, 230 Conn. 340 (recognizing that defendant retains defense even if action is brought in another jurisdiction for choice of law purposes; " 'if the limitation is so interwoven with . . . the cause of action as to become one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought' "). By contrast, a defendant's right to a defense under an ordinary statute of limitations may be waived; *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 513, 356 A.2d 144 (1975); and does not vest for purposes of due process until the defendant has successfully asserted that defense through a final judgment. See *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 414–15.

The fact that a defendant may have a vested right to assert a time limitation defense, however, does not change the underlying purpose of that defense. As the court in *Kuehl* recognized, just like an ordinary statute of limitations, a jurisdictional time limitation serves the purpose of "securing finality and protecting against the enforcement of stale claims . . . ." *St. Paul Travelers Cos.* v. *Kuehl*, supra, 299 Conn. 814–15; see also id., 809–10. As such, that interest may be vindicated by a favorable decision on the merits or on appeal. See *State* v. *Coleman*, supra, 202 Conn. 91. Accordingly, the lapse of the jurisdictional time limitation in the wrongful death action in the present case did not give rise to a right, even a colorable one, to immunity from suit.

Nonetheless, the defendant argues in the present case that refusing to allow it to appeal pursuant to the second prong of *Curcio* would produce an absurd result because it could merely file a declaratory judgment action and obtain immediate appellate review in that action. We disagree. "Ordinarily, a declaratory judgment action will not be entertained if there is another action pending between the same parties in which the same issues are involved and may be adjudicated." *Buchman* v. *Taylor*, 151 Conn. 209, 211, 196 A.2d 111 (1963); see also *Beccia* v. *Waterbury*, 185 Conn. 445, 454, 441 A.2d 131 (1981); *Kolodney* v. *Kolodney*, 2 Conn. App. 697, 700, 483 A.2d 622 (1984); Practice Book § 17-55 (3). Whether the defendant may have been able to immediately appeal an adverse decision in a declaratory judgment action filed *before* the present action does not bear on our resolution of the *Curcio* issue in this appeal.

We conclude, therefore, that the Appellate Court properly dismissed the defendant's appeal for lack of a final judgment. We continue to adhere to our view, as expressed in both *Isaac* v. *Mount Sinai Hospital*, supra, 210 Conn. 731, and *Korb* v. *Bridgeport Gas Light Co.*, supra, 91 Conn. 402, that the limitations period in our wrongful death statute, § 52-555, must be read in conjunction with the savings statute, § 52-592 (a), such that the time limitation contained in the latter modifies

the time limitation contained in the former.

Finally, we perforce observe that a review of our *Curcio* case law suggests that its standards, particularly with regard to whether a right is "colorable," have presented significant difficulties to litigants and courts alike. It may be that the time has come to modify or replace our *Curcio* jurisprudence. We leave that matter, however, to another day. We are persuaded that, in the present case, it is entirely appropriate to defer resolution of the timeliness of the present action until the conclusion of the merits in the underlying action.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[2] General Statutes § 52-555 (a) provides in relevant part: "In any action surviving to or brought by an executor or administrator for injuries resulting in death . . . such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death . . . ."

[3] Although the plaintiff relies on *Isaac*, this court recognized as early as 1917 that even substantive time limits like the one in the wrongful death statute are not controlling if the savings statute applies. See *Korb* v. *Bridgeport Gas Light Co.*, 91 Conn. 395, 402, 99 A. 1048 (1917) ("[w]e are of the opinion that the time limitation, forming an essential condition to the existence of a right of action under the [wrongful death statute], is one derived by reading together the proviso therein contained and [the savings statute], the latter section operating as a modification of the former"). *Isaac* v. *Mount Sinai Hospital*, supra, 210 Conn. 731, underscored the vitality of the court's reasoning in *Korb* in the face of a claim that *Korb* had been undermined by subsequent case law deeming time limitations in a statutorily created action to be jurisdictional.

[4] The doctrine of collateral estoppel, in some instances, has also been deemed to satisfy the second prong of *Curcio*. Compare *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 195, 544 A.2d 604 (1988) (permitting interlocutory appeal of decision rejecting collateral estoppel defense to litigating issue decided adversely to appellees in prior administrative proceeding not subject to judicial review), with *State* v. *Bacon Construction Co.*, 300 Conn. 476, 484–86, 15 A.3d 147 (2011) (declining to allow interlocutory appeal from denial of collateral estoppel defense to prejudgment remedy proceeding).

[5] After oral argument before this court, we issued an order directing the parties to file supplemental briefs addressing the following questions:

"1. Should this court continue to characterize limitation periods contained within statutorily created rights of action as jurisdictional in nature; see *State* v. *Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 444, 54 A.3d 1005 (2012); or should this court apply the presumption in favor of subject matter jurisdiction to statutory time limitations for all other actions and determine whether strong evidence of legislative intent exists to overcome that presumption? See *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 145–46, 712 A.2d 947 (1998).

"2. If the court adopts the second approach, is there sufficient evidence of legislative intent to make the limitation period in the wrongful death statute, § 52-555, jurisdictional?"

After our review of the parties' briefs, our case law, and legislative changes to § 52-555 subsequent to this court's characterization of the time limitation in § 52-555 as jurisdictional that did not overrule our case law, we conclude

that we must continue to adhere to our long-standing jurisdictional characterization of such time limitations. In so concluding, we observe that our case law has established that this characterization is consistent with the general rule requiring strong evidence of legislative intent to overcome a presumption in favor of subject matter jurisdiction. See *Neighborhood Assn., Inc.* v. *Limberger*, 321 Conn. 29, 45–46, 136 A.3d 581 (2016); *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 266, 777 A.2d 645 (2001).

[6] *Kuehl* was a declaratory judgment action in which the plaintiff insurer sought a declaration that a public act unconstitutionally had conferred jurisdiction on the workers' compensation commissioner to consider a claim, like that of the defendant claimant, that had been barred by a final judgment for failure to file a timely notice of claim. *St. Paul Travelers Cos.* v. *Kuehl*, supra, 299 Conn. 801–802, 804. Prior to the commencement of the declaratory judgment action, the defendant claimant had filed a second claim with the commissioner invoking the new statutory exception added by the public act as a basis for the commissioner's jurisdiction. Id., 807. While the second claim was pending before the commissioner, the trial court granted the plaintiff's motion for summary judgment in the declaratory judgment action, concluding that the public act was unconstitutional. Id. The defendant claimant appealed, arguing that the declaratory judgment action should have been dismissed on grounds of standing and ripeness in light of the pending claim before the commissioner. Id., 808, 811. This court rejected those jurisdictional arguments. Id., 811, 812.

These facts reflect a notable distinction from the present case that sheds light on the court's comment in *Kuehl* regarding "freedom from suit." Id., 815. At the time the injuries arose that gave rise to the claim for benefits in *Kuehl*, the only statute in existence bearing on the timeliness of the claim was the workers' compensation statute. Id., 804–806. It was not until two years after all appeals from the disposition of the first claim had been exhausted that the legislature enacted the public act attempting to effectively revive the commissioner's jurisdiction in such cases. Id., 806. Thus, in the preceding two year period, the plaintiff insurer properly could assert that the final judgment on the first claim precluded a change to the law exposing its insured to suit. In the present case, the savings statute and the wrongful death statute were concurrently in effect at the time the cause of action accrued.

———————————————————