******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# STRAZZA BUILDING & CONSTRUCTION, INC. *v.* JENNIFER G. HARRIS, TRUSTEE, ET AL.
## (SC 20660)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

The defendants H and T appealed from the trial court's denial of their motion for summary judgment, which was based on that court's determination that the doctrine of res judicata did not preclude the present lien foreclosure action brought by the plaintiff, S Co. The defendants had hired S Co. as a general contractor for renovations to a home on property owned by T, a trust for which H served as trustee. After the defendants terminated their contractual relationship with S Co. as a result of a dispute, S Co. and one of its subcontractors, R Co., filed mechanic's liens, claiming that the defendants owed them for the renovation work. H then brought an action against R Co. in which H sought to reduce or discharge R Co.'s mechanic's lien. The trial court in H's action against R Co. concluded that the lienable fund for S Co.'s contract with H and T was entirely exhausted and that, as a result, R Co.'s lien was invalid. Meanwhile, S Co. brought the present action, seeking to foreclose its mechanic's liens. In their motion for summary judgment in the present action, the defendants claimed that the trial court was required to give res judicata effect to the court's prior decision in H's action against R Co. that no lienable fund existed in light of the rebuttable presumption of privity between general contractors and subcontractors recognized by this court in *Girolametti* v. *Michael Horton Associates, Inc.* (332 Conn. 67). In denying the defendants' motion for summary judgment, the trial court concluded, inter alia, that a genuine issue of material fact existed as to whether there was sufficient privity between R Co. and S Co. to preclude S Co. from pursuing the present action. The defendants thereafter appealed to the Appellate Court, which upheld the trial court's denial of the motion for summary judgment. The Appellate Court determined, inter alia, that the presumption of privity recognized in *Girolametti* was inapplicable in a case such as the present one, in which the property owner sought to bind the general contractor to a ruling in a prior action between the property owner and a subcontractor. The Appellate Court specifically determined that it would have been inequitable to bind S Co., the general contractor, to a ruling in the prior action brought by H against R Co., a subcontractor, as a clear discrepancy existed between S Co.'s and R Co.'s interests, and, therefore, it could not be said that R Co. had adequately represented S Co.'s interests in the prior action. On the granting of certification, the defendants appealed from the Appellate Court's judgment to this court.

*Held* that the Appellate Court correctly concluded that the presumption of privity recognized in *Girolametti* was inapplicable in the present case, and, accordingly, this court affirmed the Appellate Court's judgment:

The Appellate Court properly declined to apply the presumption that this court recognized in *Girolametti*, namely, that, when a property owner and a general contractor enter into a binding agreement to resolve a dispute arising from a construction project, subcontractors are presumptively in privity with the general contractor with respect to the preclusive effect of such agreement on subsequent litigation arising from the project, as that presumption arises from the flow down obligation that a general contractor owes to a subcontractor, and there is no corresponding obligation owed by a subcontractor to the general contractor.

An evaluation of the factors courts consider in determining whether privity exists for res judicata purposes led to the conclusion that it would have been inequitable to bind S Co. to the prior decision against R Co., as there was a discrepancy of interests, insofar as R Co.'s monetary interest in the litigation against R Co. was less than 12 percent of the amount constituting S Co.'s claim against the defendants, S Co.'s counsel was

unable to cross-examine witnesses in H's action against R Co. or to participate beyond representing a principal of S Co. when that principal testified in the litigation against R Co., and a general contractor should not reasonably expect to be bound by a judgment that involves consideration of only a portion of the work completed in connection with the entire project.

Argued November 15, 2022—officially released February 21, 2023

*Procedural History*

Action to foreclose mechanic's liens, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the named defendant et al. filed a counterclaim; thereafter, the court, *Genuario, J.*, denied the motion for summary judgment filed by the named defendant et al., and the named defendant et al. appealed to the Appellate Court, *Moll*, *Alexander* and *Vertefeuille*, *Js.*, which upheld the trial court's decision, and the named defendant et al., on the granting of certification, appealed to this court. *Affirmed.*

*Bruce L. Elstein*, for the appellants (named defendant et al.).

*Anthony J. LaBella*, with whom, on the brief, was *Deborah M. Garskof*, for the appellee (plaintiff).

*Opinion*

D'AURIA, J. In *Girolametti* v. *Michael Horton Associates, Inc.*, 332 Conn. 67, 87, 208 A.3d 1223 (2019), this court held that, when a property owner and a general contractor have resolved disputes arising from a construction project by way of binding arbitration, there arises a rebuttable presumption that the general contractor and its subcontractors are in privity for purposes of res judicata in any subsequent litigation. In this certified appeal, we must determine whether the Appellate Court correctly applied *Girolametti* to the facts of the present case, in which a general contractor had sued the property owner to foreclose two mechanic's liens it served on the owner, claiming unpaid balances for labor and materials stemming from renovations it began on the owner's home. In particular, we consider whether the Appellate Court properly upheld the trial court's denial of the property owner's motion for summary judgment, declining to give preclusive effect to the findings of the trial court in a prior action between the owner and one of the general contractor's subcontractors. We agree with the Appellate Court that the presumption of privity that we held to apply in *Girolametti* does not apply in the present case, in which a property owner seeks to bind a general contractor to a prior judgment against a subcontractor. We also agree that the trial court correctly denied the defendants' motion for summary judgment because there remains an issue of material fact as to whether the doctrine of res judicata applies to the facts of this case.

We assume familiarity with the Appellate Court's opinion, which contains a full recitation of the factual and procedural history in this case. See *Strazza Building & Construction, Inc.* v. *Harris*, 207 Conn. App. 649, 652–57, 262 A.3d 996 (2021). We briefly summarize that history as follows.

The defendant Jennifer G. Harris (Harris) serves as trustee of the Jennifer G. Harris Revocable Trust (trust), which owns real property located in Greenwich. The defendants[1] hired the plaintiff, Strazza Building & Construction, Inc. (Strazza), to serve as a general contractor for substantial renovations to a home located on the property. After a dispute arose over the cost and quality of the work that had been completed and the estimated time remaining to complete the project, the defendants terminated their contractual relationship with Strazza. Strazza and two subcontractors, Robert Rozmus Plumbing & Heating, Inc. (Rozmus), and Interstate & Lakeland Lumber Corporation, then filed and served mechanic's liens on the defendants, claiming unpaid balances. Strazza then brought this action to foreclose its liens, totaling $561,155.88, alleging claims for breach of contract and unjust enrichment. Id., 652.

The preclusion issue presently before us arises because

Harris, as trustee for the trust, previously initiated a separate proceeding against Rozmus (Rozmus action), pursuant to General Statutes § 49-35a, seeking to reduce or discharge the mechanic's lien filed by Rozmus. See *Harris* v. *Rozmus Plumbing & Heating, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-17-6033512-S. A trial was held in the Rozmus action to resolve the validity of the mechanic's lien. "Rozmus' mechanic's lien claimed $97,469.86 as the amount due to Rozmus for plumbing services and materials," which the court reduced to $62,040.36. *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. App. 653. "The court [then] determined whether Strazza was appropriately owed funds, because Rozmus could recover the sum it claimed to be owed only to the extent that Strazza, as the general contractor, was still owed money. . . . The court in the Rozmus action, therefore, reviewed the charges that were included in the liens held by Strazza and Rozmus and found that Harris was entitled to credits against the liens for many of the charges. . . . [T]he court ultimately concluded that the total adjusted lienable fund was negative $109,605.29. Thus, because the lienable fund for Strazza's contract was entirely exhausted, the lien held by Rozmus was invalid and ordered discharged." (Citations omitted.) Id., 653–54.

The central finding of the *Rozmus* action was that no lienable fund existed. The defendants in the present case therefore moved for summary judgment, arguing that this court's decision in *Girolametti* v. *Michael Horton Associates, Inc.*, supra, 332 Conn. 67, required the trial court to give res judicata effect to the trial court's decision in the *Rozmus* action that no lienable fund existed. Strazza opposed the motion, arguing that the doctrine of res judicata did not apply because it was not a party to the *Rozmus* action and that there was insufficient privity between it and Rozmus to preclude it from suing to enforce its liens in the present action. *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. App. 655.

The trial court denied the defendants' summary judgment motion, determining that, although three of the four required elements of res judicata were met, a genuine issue of material fact existed regarding whether there was sufficient privity between Strazza and Rozmus to preclude Strazza from pursuing its claims against the defendants. Id., 655–56. In addressing the privity issue, the trial court considered, among other things, that Strazza's mechanic's liens were for a substantially greater sum than Rozmus' lien, that Strazza was not a party to the prior proceeding, and that Rozmus, as a subcontractor, may not have been in a position to defend the defendants' allegations against Strazza, the general contractor. Id., 656–57. After considering the functional relationship between the parties, the trial court ultimately concluded that a genuine issue of mate-

rial fact existed as to whether Strazza's interests were "sufficiently represented in the Rozmus action." Id., 663.

The defendants appealed[2] to the Appellate Court, which affirmed the trial court's decision. The Appellate Court first held that the presumption of privity that we held to apply in *Girolametti* did not apply in the case at hand because the facts "are clearly distinguishable . . . ." Id., 660. Second, the Appellate Court concluded that the trial court "correctly determined that [without the presumption of privity] there was a genuine issue of fact as to whether [Strazza] was in privity with Rozmus for the purpose of res judicata." Id., 664.

We agree fully with the Appellate Court's holding in this case and have nothing further to add to its cogent rationale and conclusion on the second issue. The remainder of this opinion addresses the first issue and provides us with the opportunity to clarify our holding in *Girolametti* and to expand on the Appellate Court's application of that case to the present case.

This court held in *Girolametti* that, "when a property owner and a general contractor enter into a binding, unrestricted arbitration to resolve disputes arising from a construction project, subcontractors are *presumptively in privity* with the general contractor with respect to the preclusive effects of the arbitration on subsequent litigation arising from the project." (Emphasis added.) *Girolametti* v. *Michael Horton Associates, Inc.*, supra, 332 Conn. 87. Although the dispute between Rozmus and Harris was litigated in court, rather than through arbitration, if res judicata were to apply in the present case, the preclusive effect would of course be the same. See, e.g., *DKN Holdings, LLC* v. *Faerber*, 61 Cal. 4th 813, 828, 352 P.3d 378, 189 Cal. Rptr. 3d 809 (2015); *CDJ Builders Corp.* v. *Hudson Group Construction Corp.*, 67 App. Div. 3d 720, 722, 889 N.Y.S.2d 64 (2009). The Appellate Court properly declined to apply the presumption of privity in the present case. It reasoned that *Girolametti* concluded that "the presumption of privity arises from the 'flow down' obligation that a general contractor owes to a subcontractor." *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. App. 662. The Appellate Court determined that there was no basis for concluding that the presumption of privity also arises in the opposite situation, that is, when the prior adjudication is between the owner and the subcontractor, because there is no corresponding obligation owed by the subcontractor to the contractor. Id. ("there is no corresponding 'flow up' obligation that extends from a subcontractor to a general contractor"). We agree.

In *Girolametti*, we cited decisions from several jurisdictions that had similarly adopted a rebuttable presumption that subcontractors are in privity with general contractors for purposes of res judicata. See *Girolametti* v. *Michael Horton Associates, Inc.*, supra, 332

Conn. 79. We reasoned further that, without this presumption, "a property owner who fails to prevail in arbitration against a general contractor often will be able to relitigate its claims by simply recharacterizing what are essentially contract claims as violations of a subcontractor's allegedly independent, noncontractual duties." Id., 81.

Our analysis in *Girolametti* focused on the fairness of applying the doctrine of res judicata to bind subcontractors to "postconstruction arbitration in which the subcontractors did not participate." Id., 82. We did not discuss at all the effect of the opposite situation, which the Appellate Court described as a " 'flow up' " obligation: the fairness of binding a general contractor to a previous award against its subcontractor when the general contractor was not a party to the prior proceeding.[3]

Establishing a presumption of privity between two parties requires that we consider the factors courts look to when establishing the element of privity for res judicata purposes. "These factors include the functional relationships between the parties, how closely their interests are aligned, whether they share the same legal rights, equitable considerations, the parties' reasonable expectations, and whether the policies and rationales that underlie res judicata—achieving finality and repose, promoting judicial economy, and preventing inconsistent judgments—would be served. . . . [T]he crowning consideration, [however, is] that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of [res judicata] is not inequitable." (Citations omitted; internal quotation marks omitted.) Id., 76–77.

As the Appellate Court concluded, an evaluation of the factors that courts consider when determining whether privity exists for res judicata purposes leads to the inescapable conclusion that it would be inequitable in the present case to bind the general contractor to a judgment against its subcontractor. First, a clear discrepancy exists between the two parties' interests. Common sense tells us that a subcontractor's monetary interest in construction disputes normally will be less than that of the general contractor. In this case, Rozmus' monetary interest in the litigation between itself and the defendants "was less than 12 percent of the value of the claim of [Strazza] . . . ." (Internal quotation marks omitted.) *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. App. 664. Therefore, it cannot be said that Rozmus adequately represented Strazza's interests in the prior litigation.

Additionally, as the Appellate Court emphasized, when litigating the amount of the lienable fund in the prior action between Rozmus and Harris, the trial court decided issues related to many portions of the renovations in which Rozmus, as a plumbing subcontractor,

was not involved. See id., 663. Compare *Lathan Construction Corp.* v. *McDaniel Grading, Inc.*, 695 So. 2d 354, 355 (Fla. App. 1996) (it is improper for court to collaterally estop general contractor from litigating claims against his subcontractor without allowing him to participate directly in underlying action between his bonding surety and subcontractor), with *Associated Construction Co.* v. *Camp, Dresser & McKee, Inc.*, 646 F. Supp. 1574, 1578 (D. Conn. 1986) (subcontractors deemed to be in privity with general contractor, in part because general contractor asserted claims in which subcontractors had an interest and from which they received payment). The trial court in the Rozmus action decided these issues without Strazza's counsel being able to cross-examine witnesses or participate in the trial beyond representing a principal of Strazza when he testified during the proceeding. We cannot hold that a finding of privity under these circumstances would promote an equitable result, as "[a subcontractor] would not have firsthand knowledge [of] or significant involvement [in] many aspects of the required performance of other areas of necessary performance under the general contract." (Internal quotation marks omitted.) *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. App. 664. Without an opportunity to properly defend the entirety of a general contractor's work, the contractor's interests are not sufficiently represented in a proceeding between the subcontractor and the property owner.

Furthermore, when considering the parties' reasonable expectations, we cannot say that a general contractor should reasonably expect to be bound by a judgment that considered only a portion of the work completed on a project. As the amicus in *Girolametti* explained, and we took note of, although "standard form contracts used in the construction industry . . . make the general contractor responsible for the work of all subcontractors," the opposite is not necessarily true. *Girolametti* v. *Michael Horton Associates, Inc.*, supra, 332 Conn. 78. These considerations will likely be true in many cases in which a party attempts to bind a general contractor to a judgment for or against a subcontractor. Therefore, it would be inappropriate to apply a presumption of privity in these cases.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] This action originally was brought against Harris, both in her individual capacity and as the trustee of the Jennifer G. Harris Revocable Trust, which owns the real property at issue, as well as two junior lienholders to the property. The junior lienholders are not participating in this appeal. See *Strazza Building & Construction, Inc.* v. *Harris*, supra, 207 Conn. 651 n.1.

We hereinafter refer to Harris, in her individual capacity and as trustee, as the defendants.

[2] After the defendants appealed to the Appellate Court, Strazza moved to dismiss the appeal for lack of a final judgment. The Appellate Court denied that motion, which was the proper ruling under our existing precedents. Specifically, this court has held that a denial of a motion based on res judicata and/or collateral estoppel grounds is immediately appealable. See

*Lighthouse Landings, Inc.* v. *Connecticut Light & Power Co.*, 300 Conn. 325, 328 n.3, 15 A.3d 601 (2011). We have justified appeals of these interlocutory rulings under the second prong of *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), explaining that the defense of res judicata, as well as the defense of collateral estoppel, "is a civil law analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits." *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 194–95, 544 A.2d 604 (1988); see also *State* v. *Curcio*, supra, 31 (second prong of *Curcio* permits appeal of otherwise interlocutory order that "so concludes the rights of the parties that further proceedings cannot affect them"). In other words, this court has held that the defenses of res judicata and collateral estoppel provide immunity from suit. See, e.g., *Blakely* v. *Danbury Hospital*, 323 Conn. 741, 746–47, 150 A.3d 1109 (2016); see also id., 746 ("the essence of the protection of immunity from suit is an entitlement not to stand trial or face the other burdens of litigation" (internal quotation marks omitted)).

Strazza does not challenge the Appellate Court's final judgment ruling or argue that we should reconsider any of our precedents; therefore, we have no occasion to do so. Nevertheless, we note that federal case law, applying the "collateral order doctrine"—a test similar to *Curcio* for determining the appealability of interlocutory orders—does not treat the denial of a motion to dismiss or a motion for summary judgment on res judicata grounds as an appealable ruling. See *Will* v. *Hallock*, 546 U.S. 345, 354–55, 126 S. Ct. 952, 163 L. Ed. 2d 836 (2006); see also id., 355 ("[t]he judgment bar at issue in this case [which functions in the same way as res judicata, and which is a defense of claim preclusion and not a defense of immunity] has no claim to greater importance than the typical defense of claim preclusion . . . [and] an order rejecting th[is] defense . . . cries for no immediate appeal of right as a collateral order"); *SmileDirectClub, LLC* v. *Battle*, 4 F.4th 1274, 1283 (11th Cir. 2021) (denial of res judicata-claim preclusion defense would not merit immediate appeal under collateral order doctrine).

Recently, our appellate courts have seen their share of interlocutory appeals on these grounds, including many in which the judgments at issue ultimately have been affirmed. See, e.g., *Deutsche Bank AG* v. *Sebastian Holdings, Inc.*, 331 Conn. 379, 384, 204 A.3d 664 (2019); *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354, 358, 63 A.3d 940 (2013); *Fairlake Capital, LLC* v. *Lathouris*, 210 Conn. App. 801, 808, 818, 271 A.3d 689, cert. denied, 343 Conn. 928, 281 A.3d 1186 (2022); *Peterson* v. *iCare Management, LLC*, 203 Conn. App. 777, 780, 794, 250 A.3d 720 (2021); *State* v. *Bacon Construction Co.*, 160 Conn. App. 75, 77, 91, 124 A.3d 941, cert. denied, 319 Conn. 953, 125 A.3d 532 (2015); *In re Probate Appeal of Cadle Co.*, 152 Conn. App. 427, 429, 445, 100 A.3d 30 (2014); *Barton* v. *Norwalk*, 131 Conn. App. 719, 733, 27 A.3d 513, cert. denied, 303 Conn. 906, 31 A.3d 1181 (2011). In an appropriate case, in which the parties have joined issue on this question, we might have an opportunity to consider whether res judicata and collateral estoppel defenses properly should provide the basis for an interlocutory appeal when a trial court has denied those defenses pretrial.

[3] In response to a subpoena duces tecum, a principal of Strazza testified at the trial of the *Rozmus* action with Strazza's counsel present. However, the trial court did not permit counsel to object to the questions posed to the principal. In fact, the court ruled specifically that the principal was merely a witness and that Strazza was not a party to the proceedings. Although Rozmus' counsel had no objections to Strazza's counsel's representing the principal of his client, the court ruled that any objections to the principal's testimony must be "made by counsel who represent parties in [the] case."