******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BLACK ROCK GARDENS, LLC *v.* HENRY BERRY
(AC 46942)

Bright, C. J., and Moll and Clark, Js.

*Syllabus*

The plaintiff landlord sought, by way of summary process, to regain posses-
sion of certain premises leased to the defendant tenant. The defendant
filed a special motion to dismiss pursuant to the anti-SLAPP statute
(§ 52-196a), arguing that the plaintiff violated his first amendment rights,
right of association, and right to petition the government by filing a
fraudulent and frivolous summary process action to evict him. The trial
court denied the motion, and the defendant appealed to this court. The
plaintiff filed a motion to dismiss the defendant's appeal, claiming that
the trial court's denial of the defendant's special motion to dismiss was
not an appealable final judgment. *Held* that this court lacked subject
matter jurisdiction over the defendant's appeal, and, accordingly, the
appeal was dismissed: the defendant failed to assert a colorable claim
that would entitle him to an immediate review of the trial court's denial
of his special motion to dismiss pursuant to § 52-196a because none of
the allegations in the plaintiff's complaint was based on the defendant's
exercise of his right of free speech, to petition the government, or of
association, as the complaint made clear that the summary process
action was predicated solely on the defendant's alleged failure to pay
rent owed to the plaintiff and the fact that the written lease agreement
between the parties had lapsed and had not been renewed, and the
complaint did not contain any allegations about things the defendant
said or communicated or about other actions that would otherwise
implicate the defendant's right of free speech, to petition the government,
or of association, as those terms were understood under § 52-196a;
moreover, the defendant's allegation that the summary process action
was motivated by a complaint he had filed against the plaintiff with
the state's Commission on Human Rights and Opportunities did not
transform the action into a claim that was based on the defendant's
exercise of his right of free speech, to petition the government, or of
association, as required by § 52-196a.

Considered December 6, 2023—officially released March 26, 2024

*Procedural History*

Summary process action, brought to the Superior
Court in the judicial district of Bridgeport, Housing
Session, where the court, *Cirello, J.*, denied the defen-
dant's special motion to dismiss, and the defendant
appealed to this court; thereafter, the plaintiff filed a
motion to dismiss the appeal. *Appeal dismissed.*

*Matthew M. Hausman*, in support of the motion.

*Henry Berry*, self-represented, in opposition to the
motion.

*Opinion*

CLARK, J. The defendant, Henry Berry, appeals from the trial court's denial of a special motion to dismiss that he filed pursuant to Connecticut's anti-SLAPP statute, General Statutes § 52-196a,[1] in a summary process action brought against him by the plaintiff, Black Rock Gardens, LLC. Before this court is the plaintiff's motion to dismiss the defendant's appeal in which the plaintiff claims that the defendant has not appealed from a final judgment. Specifically, the plaintiff claims that the defendant has failed to assert a colorable claim to the protections afforded by the anti-SLAPP statute and, consequently, pursuant to *Smith* v. *Supple*, 346 Conn. 928, 952, 293 A.3d 851 (2023), this court lacks subject matter jurisdiction over the appeal. For the reasons that follow, we agree with the plaintiff and dismiss the defendant's appeal.

We begin with the relevant facts and procedural history of this case. On July 28, 2023, the plaintiff commenced the underlying summary process action against the defendant. In its complaint, the plaintiff alleges that it is the owner of premises located at 293 Ellsworth Street, Apartment 8D, in Bridgeport and that the defendant failed to make full rental payments beginning in August, 2022, and thereafter. The plaintiff alleges that the defendant no longer has the right or privilege to occupy the premises and that the lease agreement between the parties has lapsed by its terms and has not been renewed. The complaint requests a judgment for immediate possession of the premises and forfeiture of the defendant's possessions and personal effects within the premises.

On August 1, 2023, the defendant filed his answer denying the allegations against him and checked off or wrote in a host of special defenses on Judicial Form JD-HM-5, titled "Summary Process (Eviction) Answer to Complaint,"[2] including, inter alia, that rent had been paid; that no rent is due under Connecticut law because of the plaintiff's "failure to do whatever is necessary to put and keep the premises in a fit and habitable condition"; that the eviction was being brought because the defendant had contacted his landlord and/or public officials to complain about his apartment; and that he should not be evicted because "[there was a] violation of contract and statute regarding entry into the apartment and [the plaintiff] has failed to remedy multiple violations; [there was a] violation of the covenant of quiet enjoyment; the plaintiff and [its] employees engage in or allow harassment and infliction of emotional distress; the plaintiff has submitted fraudulent and/or misrepresented documents in various legal actions of the defendant; the plaintiff's actions are retaliation; [and] the plaintiff has made false statements with respect to material facts, circumstances, and incidents."

On August 7, 2023, the defendant filed a motion to dismiss the summary process action for, inter alia, insufficiency of process and insufficiency of service of process. On August 21, 2023, the court, *Cirello, J.*, denied the defendant's motion on the basis that "[t]he service of the notice to quit, the quit date, the service of the writ [of] summons and complaint, and the return date on file with the court were all timely made under relevant law."

On September 1, 2023, the defendant proceeded to file a special motion to dismiss pursuant to § 52-196a in which he argued that the plaintiff "violated his first amendment rights, right of association, and right to petition the government using the guise of a largely fraudulent and frivolous summary process to evict the defendant from his apartment rented from the plaintiff." He alleged that "[d]ocuments relating directly to the summary process contain false information; and also the motives, purposes, and malice of the summary process action evidence that the action was undertaken with improper, malicious, and retaliatory purposes to intentionally harass, threaten, and disturb the defendant— e.g., [to] upset his right of quiet enjoyment, [to] coerce him to leave the apartment, [and to] create conditions of precarious habitability." The special motion to dismiss also appears to have claimed that the defendant had previously filed a complaint against the plaintiff with Connecticut's Commission on Human Rights and Opportunities (CHRO) alleging age discrimination. He claimed that the "plaintiff's summary process is not only retaliatory in violation of Connecticut statutes including landlord-tenant statutes, but notably with regard to this special motion to dismiss, a retaliatory, hostile, threatening action against the defendant for petitioning the government—namely, CHRO—by a complaint of age discrimination . . . ."

On September 14, 2023, the plaintiff filed an opposition to the defendant's special motion to dismiss in which it argued that "[t]his was the third motion to dismiss filed by the defendant (who has since filed several more), and is filed under a statute that does not apply to summary process actions alleging nonpayment of rent or lapse of time." The plaintiff argued, inter alia, that the present action has nothing to do with what the defendant said or may have said in public or private and nothing to do with public participation.

On September 20, 2023, a hearing on the special motion to dismiss was held in conjunction with numerous other motions to dismiss that the defendant had filed.[3] The court denied the defendant's motion at the conclusion of arguments. On September 25, 2023, the defendant appealed from the court's denial of that motion.

The question before us is whether the trial court's denial of the defendant's special motion to dismiss

under the anti-SLAPP statute is an appealable final judgment. To answer that question, we begin with the relevant statutory provisions. Section 52-196a (b) provides: "In any civil action in which a party files a complaint, counterclaim or cross claim against an opposing party that is based on the opposing party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, such opposing party may file a special motion to dismiss the complaint, counterclaim or cross claim."

Section 52-196a (e) (3) instructs that "[t]he court shall grant a special motion to dismiss if the moving party makes an initial showing, by a preponderance of the evidence, that the opposing party's complaint, counterclaim or cross claim is based on the moving party's exercise of its right of free speech, right to petition the government, or right of association under the Constitution of the United States or the Constitution of the state in connection with a matter of public concern, unless the party that brought the complaint, counterclaim or cross claim sets forth with particularity the circumstances giving rise to the complaint, counterclaim or cross claim and demonstrates to the court that there is probable cause, considering all valid defenses, that the party will prevail on the merits of the complaint, counterclaim or cross claim."

Our Supreme Court recently decided three companion cases addressing the issue of whether a trial court's denial of a special motion to dismiss under the anti-SLAPP statute constitutes an appealable final judgment. See *Smith* v. *Supple*, supra, 346 Conn. 929; *Pryor* v. *Brignole*, 346 Conn. 534, 536–37, 292 A.3d 701 (2023); *Robinson* v. *V. D.*, 346 Conn. 1002, 1007, 293 A.3d 345 (2023). In *Smith*, the principal case of the three companion cases, our Supreme Court examined the relevant statutory text, legislative history, and analogous laws from other jurisdictions; see *Smith* v. *Supple*, supra, 938–60; and concluded that our "anti-SLAPP statute affords a defendant a substantive right to avoid litigation on the merits . . . ." Id., 949. It further concluded that, in cases in which a defendant can assert a colorable claim that a trial court's denial of a special motion to dismiss under that statute has placed that particular right at risk, an immediate appeal may be taken pursuant to the second prong of *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).[4] *Smith* v. *Supple*, supra, 960.

The issue before us, therefore, is limited to whether the defendant in the present case has asserted a *colorable* claim to the protections afforded by our state's anti-SLAPP statute, as required to obtain an immediate review of the trial court's denial of his special motion to dismiss. See, e.g., *Pryor* v. *Brignole*, supra, 346 Conn. 545. To that end, "we must determine whether the defen-

dant has asserted a colorable claim that his actions, as alleged in the [plaintiff's] complaint, are based on his right of free speech, to petition the government, or of association." *Robinson* v. *V. D.*, supra, 346 Conn. 1008.

We conclude that the defendant has failed to assert a colorable claim to the protections afforded by our anti-SLAPP statute because none of the allegations in the plaintiff's complaint is based on the defendant's exercise of his right of free speech, to petition the government, or of association. In particular, a review of the complaint makes clear that the defendant's summary process action was predicated solely on the defendant's alleged failure to pay rent owed to the plaintiff and that the written lease agreement between the parties had lapsed and had not been renewed. The complaint contains no allegations about things the defendant said or communicated or about other actions that would otherwise implicate the defendant's right of free speech, right to petition the government, or right of association, as those terms are understood under the statute.[5] The defendant's allegation that the plaintiff's summary process action was motivated by a prior CHRO complaint that he filed against the plaintiff does not transform the plaintiff's summary process action into a claim that is "based on" the defendant's exercise of his right of free speech, to petition the government, or of association, as required by § 52-196a (b). On the contrary, in determining whether a party has presented a colorable claim that entitles him to the right to avoid litigation under our anti-SLAPP statute, our Supreme Court has confined its analysis to whether the specific allegations made in the complaint were based on the defendant's protected speech or conduct. See *Robinson* v. *V. D.*, supra, 346 Conn. 1008 ("we must determine whether the defendant has asserted a colorable claim that his actions, *as alleged in the plaintiffs' complaint*, are based on his right of free speech, to petition the government, or of association" (emphasis added)); *Smith* v. *Supple*, supra, 346 Conn. 962 ("we conclude that the defendants have asserted a colorable claim that the conduct *alleged in the complaint* falls within the meaning of the phrase 'right of association' " (emphasis added)); *Pryor* v. *Brignole*, supra, 346 Conn. 545 ("[t]he existence of the previously cited case law affords the defendants with at least a superficially well founded claim that *the conduct alleged in the plaintiff's complaint*—namely, [the defendant's] sending letters to 'various news outlets and persons' concerning the arrest and prosecution of an attorney— could be considered conduct furthering communication in a public forum on a matter of public concern" (emphasis added)). Our Supreme Court has not sought to determine a plaintiff's motivation for bringing claims that are, on their face, not based on a defendant's protected speech or conduct.[6]

In the present case, none of the allegations in the plaintiff's complaint is based on the defendant's exer-

cise of his right of free speech, to petition the government, or of association. We therefore conclude that the defendant has failed to assert a colorable claim that would entitle him to an immediate review of the trial court's denial of his special motion to dismiss. Consequently, this court lacks subject matter jurisdiction over the defendant's appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] "SLAPP is an acronym for strategic lawsuit against public participation . . . ." (Internal quotation marks omitted.) *Lafferty* v. *Jones*, 336 Conn. 332, 337 n.4, 246 A.3d 429 (2020), cert. denied,      U.S.     , 141 S. Ct. 2467, 209 L. Ed. 2d 529 (2021).

[2] See Summary Process (Eviction) Answer to Complaint, Judicial Branch Form JD-HM-5, available at https://www.jud.ct.gov/webforms/forms/hm005.pdf (last visited March 14, 2024).

[3] The docket reveals that the defendant had filed a host of court submissions by the September 20, 2023 hearing date, including at least five other motions to dismiss.

[4] It is well settled that "[t]he subject matter jurisdiction of our appellate courts is limited by statute to appeals from final judgments . . . ." (Internal quotation marks omitted.) *Blakely* v. *Danbury Hospital*, 323 Conn. 741, 745, 150 A.3d 1109 (2016). In *Curcio*, however, our Supreme Court held that "[a]n otherwise interlocutory order is appealable in two circumstances: (1) [when] the order or action terminates a separate and distinct proceeding, [and] (2) [when] the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, supra, 191 Conn. 31.

[5] " 'Right of free speech' means communicating, or conduct furthering communication, in a public forum on a matter of public concern . . . ." General Statutes § 52-196a (a) (2).

" 'Matter of public concern' means an issue related to (A) health or safety, (B) environmental, economic or community well-being, (C) the government, zoning and other regulatory matters, (D) a public official or public figure, or (E) an audiovisual work . . . ." General Statutes § 52-196a (a) (1).

" 'Right to petition the government' means (A) communication in connection with an issue under consideration or review by a legislative, executive, administrative, judicial or other governmental body, (B) communication that is reasonably likely to encourage consideration or review of a matter of public concern by a legislative, executive, administrative, judicial or other governmental body, or (C) communication that is reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, administrative, judicial or other governmental body . . . ." General Statutes § 52-196a (a) (3).

" 'Right of association' means communication among individuals who join together to collectively express, promote, pursue or defend common interests . . . ." General Statutes § 52-196a (a) (4).

[6] We note that the law affords the defendant a direct mechanism to challenge the summary process action on the basis of retaliation by the plaintiff. General Statutes § 47a-33 provides: "In any action for summary process under this chapter or [General Statutes §] 21-80 it shall be an affirmative defense that the plaintiff brought such action solely because the defendant attempted to remedy, by lawful means, including contacting officials of the state or of any town, city, borough or public agency or filing a complaint with a fair rent commission, any condition constituting a violation of any of the provisions of chapter 368o, or of chapter 412, or of any other state statute or regulation or of the housing or health ordinances of the municipality wherein the premises which are the subject of the complaint lie. The obligation on the part of the defendant to pay rent or the reasonable value of the use and occupancy of the premises which are the subject of any such action shall not be abrogated or diminished by any provision of this section."